UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, | § | |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 1:25-cv-02020 |
| v. | § | |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.; | § | |
| RONALD GRAE BAKER, INDIVIDUALLY; | § | |
| and JINNY GONZALEZ, INDIVIDUALLY, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Austin

Montessori School, Inc. ("AMS"), Ronald Grae Baker, individually, and Jinny Gonzalez,

individually (collectively "Defendants") hereby give notice of the removal of this action from the

345th Judicial District Court of Travis County, Texas to the United States District Court for the

Western District of Texas, Austin Division.  In support of the Notice of Removal, Defendants

allege as follows:

I.    NATURE OF THE SUIT

Austin Montessori School ("AMS") is a private, non-profit 501(c)(3) organization that

provides Montessori education to children and adolescents aged 16 months to 15 years.

Defendants Baker and Gonzalez are employees of AMS. For the 2024–2025 school year,

Plaintiffs Ross and Sarah Ponder entered into a written agreement ("Agreement") with AMS to

enroll their children in the program. H.P., L.P., and R.P. *See* **Exhibit A**, p. 39 (Agreement,

attached to Plaintiff's Supplemental Motion to Compel Mediation). Ultimately, AMS exercised

its contractual discretion in terminating the enrollment of the Ponder children (*id.*, pp. 40-41),

which Plaintiffs allege constituted conduct giving rise to eleven (11) causes of action against

Defendants, including negligence, breach of contract, fraud, civil conspiracy, violations of Section 504 of the Rehabilitation Act of 1973, and generic claims of retaliation. *See id,* pp. 4-34. Because the Section 504 and retaliation claims arise under federal law, they invoke federal question jurisdiction under 28 U.S.C. § 1331, supporting removal to federal court.

## II.     REMOVAL IS TIMELY

This action is currently pending in the 345th District Court of Travis County, Texas, under the case style *Ross Ponder and Sarah Ponder, Individually and as Next Friends of H.P., L.P., and R.P., Minors v. Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually*, Cause No. D-1-GN-25-002212 (the "State Action"). The Plaintiffs initiated the State Action on March 28, 2025. On April 24, 2025, Defendants removed this matter to federal court. *See* **Exhibit A**, p. 43. Subsequently, on June 12, 2025, Plaintiffs filed their First Amended Complaint, voluntarily removing their claims under Section 504 and the Americans with Disabilities Act, thereby eliminating the federal claims. **Exhibit B**. Plaintiffs also filed a Motion to Remand to State Court. *See* **Exhibit C**. Based on their voluntary removal of Section 504 and ADA claims, on August 4, 2025, the case was remanded to the state court based on the Report and Recommendations of the Magistrate Judge. **Exhibit D**.

Plaintiffs again amended their complaint in state court on November 10, 2025, reinstating anew federal claims they had previously withdrawn. *See* **Exhibit A**, pp. 415-444. Accordingly, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## III.     THE COURT HAS ORIGINAL JURISDICTION OVER ONE OR MORE OF THE PLAINTIFFS' CLAIMS

Plaintiffs' Second Amended Complaint, filed in state court on November 10, 2025, asserts claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), including failure to accommodate, disability-based discrimination, and retaliation (Counts 6 and 11). ***See* Exhibit A**,

pp. 466, 470-71 (Pl.'s Second Am. Pet.); 29 U.S.C. § 794. Because these claims arise under federal law, the Court has original jurisdiction over Plaintiffs' Section 504 claims pursuant to 28 U.S.C. § 1331. Moreover, Texas law provides no independent cause of action for retaliation in this context; thus, to the extent Plaintiffs assert a retaliation claim under Section 504 or the Americans with Disabilities Act, federal question jurisdiction likewise applies. For these reasons, removal is proper.

## IV.    THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

The Court has supplemental jurisdiction over Plaintiffs' state law claims. In any civil action of which the federal district courts have original jurisdiction, the federal district courts shall have supplemental jurisdiction over all other claims that are related to claims in the action within their original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

All of the Plaintiffs' claims relate to their relationship with Defendants, and all claims or causes of action comprise the same case or controversy between the parties. *See* **Exhibit A**. Because all of the Plaintiffs' claims are interrelated, the Court has supplemental jurisdiction over Plaintiffs' claims that arise under state law. *See* 28 U.S.C. § 1367(a). Consequently, removal is proper under 28 U.S.C. § 1441(a), and the Court may exercise supplemental or pendent jurisdiction over any related state law claims.

## V.    THIS NOTICE IS PROCEDURALLY CORRECT

Defendants submit as exhibits to this Notice true and correct copies of the documents required by 28 U.S.C. § 1446(a), including the State Action Docket Sheet, Original Petition, Citations, and related documents, which are attached hereto and incorporated as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be

provided to all parties and the Clerk of the 345th Judicial District Court of Travis County, Texas. The required filing fee for this removal has been paid.

## VI.    JURY DEMAND

Plaintiffs requested a jury trial in the State Action.

## VII.    NON-WAIVER OF DEFENSES

By removing this case to federal court, Defendants do not waive any available defenses, including any defenses under Federal Rule of Civil Procedure 12, nor do Defendants admit any allegation asserted in Plaintiffs' Second Amended Petition filed in the State Action.

WHEREFORE, Defendants remove this action from the 345th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile:  210-538-5384

By: */s/ Elizabeth Angelone*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eanglone@slh-law.com
RANDEE J. HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2025, the foregoing was e-filed with the Clerk of the

Court, and a copy will be sent via e-service to the attorney of record for Plaintiffs, namely:

Amy C. Welborn
WELBORN LAW LLC
8712 Mesa Suite B206
Austin, Texas 78759
amy@welborn-law.com

<div style="margin-left: 50%;">

*/s/ Elizabeth Angelone*
Attorney for Defendants

</div>