IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSS PONDER and SARAH PONDER, *Individually, and as Next Friend of* LY, AND AS NEXT FRIEND H.P., L.P., and R.P., *Minors*, <br> Plaintiffs <br> v. <br><br> AUSTIN MONTESSORI SCHOOL, INC., RONALD GRAE BAKER, and JINNY GONZALEZ, <br> Defendants | § § § § § § § § § § § <br><br> No. 1:25-Cv-00615-ADA-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiffs' Unopposed First Amended Motion to Remand (Dkt. 23), filed June 11, 2025.[1]

### I. Background

After Plaintiffs Ross and Sarah Ponder's children were expelled from the Austin Montessori School in Austin, Texas, they filed this suit in state court, alleging negligence, negligence *per se*, gross negligence, *respondeat superior*, breach of contract, fraud, fraudulent inducement, civil conspiracy, and violations of Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *See Ponder v. AMS*, No. D-1-GN-25-002212 (345th Dist. Ct., Travis County, Tex. March 28, 2025); Plaintiffs' Original Petition, Dkt. 1-3 at 7-33. Defendants removed, invoking this Court's federal question jurisdiction based on Plaintiffs' federal claims under the

---

[1] The District Court referred this case to this Magistrate Judge for disposition of non-dispositive motions and a report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order. Dkt. 2.

1

ADA and the Rehabilitation Act, pursuant to 28 U.S.C. §§ 1441(a) and 1446. Dkt. 1. Plaintiffs then filed a First Amended Complaint removing all federal claims (Dkt. 22) and this unopposed motion to remand this action to state court under 28 U.S.C. § 1447.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: those arising under federal law ("federal question jurisdiction"), and those in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a defendant removes an action from state to federal court, the plaintiff may move to remand. 28 U.S.C. § 1447(c). A court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (quoting 28 U.S.C. § 1447(c)).

## III. Analysis

Plaintiffs move to remand this action to state court under 28 U.S.C. § 1447(c) because the amended petition contains only state law claims. Dkt. 23 at 5. Defendants agree that this action should be remanded to state court. *Id.*

> If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court. And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025). Because Plaintiffs' Original Petition asserted both state and federal claims, Defendants properly removed this case to federal court under 28 U.S.C. § 1441(a), and the Court had subject matter jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over Plaintiffs' state claims at that time. *Id.* But after removal, Plaintiffs removed all federal claims, leaving only claims under state law, so the Court no longer has subject matter jurisdiction. "When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims," and the case must return to state court. *Id.*

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Unopposed First Amended Motion to Remand (Dkt. 23) and **REMAND** this action to the 345th Judicial District of Travis County, Texas.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings

3

and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 14, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4