**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON**

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, | § | |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |
| v. | § | |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.; | § | |
| RONALD GRAE BAKER, INDIVIDUALLY; | § | |
| and JINNY GONZALEZ, INDIVIDUALLY, | § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FOURTH AMENDED COMPLAINT

COME NOW Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually (collectively "Defendants"), who file this *Response in Opposition to Plaintiffs' Motion for Leave to File Plaintiffs' Fourth Amended Complaint* and show as follows:

## I.       Procedural Background

Plaintiffs filed their Original Petition in State Court on March 28, 2025, raising *inter alia*, Section 504 and the Americans with Disabilities Act ("ADA") claims. Dkt. 6, pp. 777-801. On April 24, 2025, Defendants filed their notice of removal to federal court. *See* **Exhibit A**. Shortly thereafter, on April 30, 2025, Defendants filed their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Petition. *See* **Exhibit B**. Following Plaintiffs' filing of a motion for remand, on May 5, 2025, Plaintiffs filed their opposition to Defendants' Motion to Dismiss. Dkt. 6, pp. 645-657. On June 11, 2025, Plaintiffs filed their First Amended Complaint and voluntarily dropped Plaintiffs' Section 504 and ADA claims. Dkt. 6, pp. 468-492. On July 14, 2025, the Report and Recommendation was issued, recommending remand to the state court, which Judge Albright

adopted. Dkt. 6, pp. 494-496. The state court was notified of the remand on August 7, 2025. *See* **Exhibit C**.

On July 31, 2025, Plaintiffs filed their Second Amended Complaint in state court, realleging, among other things, fraudulent inducement and breach of contract based on alleged failure to provide Section 504 accommodations and for retaliation. *See* Dkt. 6, p. 504-533 (asserting a cause of action for violations of Section 504 and alleging that AMS denied H.P. services and otherwise discriminated against H.P. based on his disability). Given the resurrection of federal claims, Defendants filed the second notice of removal with the federal court on December 9, 2025.[1] Dkt. 1. The notice of removal was also filed in state court on December 10, 2025. Dkt. 6, p. 704.

Following the removal, Plaintiffs filed their Third and Fourth Amended Petitions in state court on December 10 and 11, 2025, respectively, alleging a breach of contract claim predicated on a Section 504 violation, retaliation, and whistleblower claims. *See* Dkt. 6, pp. 51-81, 8-37. Plaintiffs' Third Amended Petition specifically included a cause of action for fraudulent inducement and breach of contract predicated on AMS's "refusal to comply with 504 and provide accommodations" and a retaliation claim based on Plaintiffs' Health and Human Services (HHS) complaint and whistleblower efforts, thereby raising additional federal questions. Dkt. 6, pp. 73-77, ¶¶ 160, 164-65, 173-74. After receiving Plaintiffs' Third Amended Petition, Defendants

---

[1] While filing the second notice of removal, Defendants experienced technical difficulties and had to reload the site numerous times to successfully file the notice. **Exhibit D.** The same day, Plaintiff's counsel informed Defendants' counsel that Plaintiffs had received notice of the filing but were incorrectly listed as *pro se*. **Exhibit E**. Defendants promptly addressed the issue, including emailing a copy of the filing directly to Plaintiffs' counsel. Defendants emailed Plaintiffs' counsel a copy of the removal notice via email, and Plaintiffs' counsel received the second Notice of Removal through the state court's electronic system immediately upon filing, which was filed on December 11, 2025, and Defendants additionally sent Notice and all pleadings filed for the second removal to federal court via certified mail return receipt requested (# 9589 0710 5270 0706 0249 32) the same day. *See* **Exhibit D; F** (email chain regarding Second Removal).

emailed Plaintiffs' counsel regarding the federal claims, explaining why removal of the references was necessary and inquiring whether the petition would be amended to remove the references. *See* **Exhibit G**.

Without responding to defense counsel's email, Plaintiffs filed their Fourth Amended Petition in state court on December 11, 2025, again asserting claims under Section 504 throughout the pleading, as well as claims for retaliation and whistleblower violations. *See* Dkt. 6, pp. 8-37.[2] Specifically, Plaintiffs' Fourth Amended Petition included the same fraudulent inducement and breach of contract cause of action predicated on AMS's "refusal to comply with 504 and provide accommodations" and a retaliation claim based on Plaintiffs' HHS complaint and whistleblower efforts. Dkt. 6, pp. 8-37. The only difference between the Third Amended and the Fourth Amended Petitions filed in the state court was the removal of paragraph 16, and the Plaintiffs' civil conspiracy cause of action.[3]

On December 12, 2025, Plaintiffs' counsel emailed defense counsel to confer regarding Plaintiffs' intended Motion to Amend, seeking to file their Fourth Amended Petition filed in the state court in the federal proceeding. *See* Dkt. 7-1. Defense counsel expressly stated that Defendants were "not opposed to [Plaintiffs] filing the *state-court Fourth Amended Petition* in federal court." *See id*. (emphasis added). However, contrary to the parties' agreement and Plaintiffs' representations to this Court, Plaintiffs mischaracterized the factual background and improperly filed a new fifth amended complaint, confusingly titled "Fourth Amended Complaint." Dkt. 7. Notably, this filing does not correspond to the state-court Fourth Amended Petition that

---

[2] Due to Plaintiffs continuing to file in state court, defense counsel emailed Plaintiffs' counsel notifying her that the federal filings had also been mailed to her address in accordance with Federal Rules of Civil Procedure 5. *See* **Exhibit H,** Email Chain regarding Service. *See* FED. R. CIV. P. 5.
[3] Paragraph 16 in Plaintiff's Third Amended Petition reads "AMS failed to admit that they did not believe children should be diagnosed with ADHA or medicated and instead believe that children can have an 'underdeveloped will' which they believe should be treated with a treatment plan developed by Gonzales."

formed the basis of the parties' agreement or as represented to the Court. While Plaintiffs assert, "Defendants have agreed to the Motion to Amended[*sic*] to file the Fourth Amended Complaint," what Plaintiffs actually filed was a Fifth Amended Complaint. The Court should therefore deny Plaintiffs' Motion for Leave and strike the Fourth Amended Complaint. Dkt. 7.

## II.    PLAINTIFF'S PROPOSED AMENDMENT IS BROUGHT IN BAD FAITH AND IS FUTILE

Federal Rule of Civil Procedure ("FRCP") 15(a)(2) governs the amendment of pleadings and when leave is necessary to do so. FED. R. CIV. P. 15(a)(2). Under FRCP 81(c)(1), the Federal Rules apply to a civil action after it is removed from state court, and prior state court pleadings remain in effect. FED. R. CIV. P. 81(c)(1). FRCP 15(a)(1) permits a party to amend their pleading "once as a matter of course," after which leave of court is required under FRCP 15(a)(2). FED. R. CIV. P. 15. However, the Supreme Court has instructed that leave to amend should be denied if there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 873 (5th Cir. 2000) (The Fifth Circuit has consistently applied these principles, holding, *inter alia*, that an amendment is futile if it would fail to state a claim upon which relief can be granted.); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Moreover, while Plaintiff has dropped some state law claims in the Fourth Amended Complaint, Plaintiffs' state claims remain futile as identified and discussed extensively in both Defendants' state court special exceptions and in the previous motion to dismiss filed in the prior removal actions, rendering Plaintiffs' proposed amendment futile. *See* Dkt. 6, pp. 427-497

(Defendants' Special Exceptions), adopted and incorporated by reference as if set forth more fully herein; **Exhibit B** (Defendant's Motion to Dismiss in prior federal case), adopted and incorporated by reference as if set forth more fully herein. All claims in Plaintiffs' proposed "fourth" amended complaint remain futile, and leave to amend should be denied on this basis alone. *See* Dkt. 6, pp. 427-49; **Exhibit B**.

While Defendants agreed to allow Plaintiffs to file their Fourth Amended Petition in federal court, that is not what was actually filed. Instead, Plaintiffs submitted a new Fourth Amended Complaint, which is in fact a fifth amended complaint, not previously shared with Defendants. Accordingly, there is no good cause to permit amendment, as Plaintiffs' actions reflect gamesmanship intended to avoid removal while preserving federal claims in state court. Plaintiffs' repeated filings demonstrate bad faith: they have already filed two amended complaints after the second notice of removal, and the Fourth Amended Complaint attached to their Motion for Leave differs from the version shared during conferral. Moreover, although Plaintiffs feign ignorance regarding the inclusion of Section 504 claims, their discovery requests expressly seek information concerning AMS's whistleblower policies, Section 504 services, and the ADA coordinator, further confirming the inconsistent and strategic nature of their filings. *See* **Exhibit I**, Plaintiffs' Requests for Production and Requests for Admission served on November 12, 2025.

To determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past,* that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)); *Bryson v. Wells Fargo Bank, N.A.*, Civ. No. 1:16-cv-28, 2016 WL 1305846, *4 (E.D. Tex. Mar. 31, 2016). "A finding of bad faith requires a 'transparent attempt to circumvent federal jurisdiction.'" *James v. Whitney*, Civ.

No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. July 19, 2021) (quoting *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, Civ. No. 18-690, 2018 WL 7625357, *3 (M.D. La. Dec. 21, 2018)). "While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute." *Antie v. McBain*, No. 6:21-cv-01460, 2021 WL 4244554, *2 (W.D. La. Aug. 11, 2021) (citing *Rantz v. Shield Coat, Inc.*, Civ. No. 17-3338, 2017 WL 3188415, *5, (E.D. La. July 26, 2017). The burden of showing that the plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *D&J Investments of Cenla, LLC v. Baker Hudges*, No. 1:23-CV-00508, 2024 WL 268443, *8-10 (W.D. La. Jan. 9, 2024), *r & r adopted sub nom. D&J Investments of Cenla LLC v. Baker Hughes,* No. 1:23-CV-00508, 2024 WL 263952 (W.D. La. Jan. 24, 2024) (finding Plaintiff acted in bad faith to avoid removal to federal court).

If a Plaintiff files a complaint in federal court and later voluntarily amends the complaint to withdraw the allegations supporting federal jurisdiction, that amendment "will defeat jurisdiction' unless the withdrawn allegations were 'replaced by others' giving the court adjudicatory power." *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 23, 145 S. Ct. 41, 44, 220 L.Ed.2d 289 (2025) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–474, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007)). Amending a complaint in state court to reassert federal claims, such as the Section 504 claims in this case, creates a new basis for federal jurisdiction, providing a "new ground" for removal. *See* 28 U.S.C. § 1446(b)(3); *Royal Canin*, 604 U.S. at 23 (stating "the defendant can remove the case after receiving 'an amended pleading' establishing a basis for federal jurisdiction") (citing 28 U.S.C. § 1446(b)(3)).

### A. Plaintiffs' Litigation Conduct Demonstrates Bad Faith to Avoid Federal Jurisdiction

Here, Plaintiffs have repeatedly acted in bad faith to avoid removal. Following the first removal to federal court, but before remand, Plaintiffs filed their First Amended Complaint on December 18, 2025, voluntarily dropping Plaintiffs' claims under Section 504 and the Americans with Disabilities Act ("ADA") entirely and attaching the parties' contract for one of the Ponders' minor children. *See* Dkt. 6, pp. 220-239. Subsequently, Plaintiffs resurrected their federal claims under Section 504 in Plaintiffs' Second, Third, and Fourth Amended Petitions (filed in state court), despite defense counsel's numerous emails explaining why the 504 references need to be removed to avoid another removal. *See* Dkt. 6, pp. 8-37, 51-81, 504-533; *see also* **Exhibit G**. Plaintiffs have served discovery on Section 504, ADA, retaliation, and Health and Human Resources whistleblower claims when state law provides no cause of action for any of these theories. Plaintiffs' efforts to pursue federal claims are not limited to their pleadings; Plaintiffs' discovery requests also reflect Plaintiffs' intent to litigate claims under Section 540, ADA, and potentially federal whistleblower statutes. Specifically, Plaintiffs' Requests for Admission sought to confirm a designated Section 504 and ADA coordinator at AMS. *See* **Exhibit I** (RFA No. 49). Further, Plaintiffs requested production of "all whistle blower[*sic*] policies in effect at Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present." *See id.* (ROG No. 25). This additional level of litigation effort by Plaintiffs and the timing of Plaintiffs removing all reference to 504 in their Fourth Amended Complaint dispel any notion that the references to Section 504 or other federal statutes within Plaintiffs' pleadings are accidental.

### B. Plaintiffs' Misrepresentations and Procedural Gamesmanship in Amended Pleadings

When Plaintiffs requested Defendants' agreement to file their Motion for Leave in federal court, it was explicitly clear from the request and Defendants' response that the agreement applied

to the "state-filed Plaintiffs' Fourth Amended Petition in federal court," not the so-called Fourth Amended Complaint, which is actually Plaintiffs' Fifth Amended Complaint. Dkt. 7-1. Plaintiffs' Motion for Leave falsely alleges that Defendants' counsel "filed the removal stating that the Plaintiffs were pro se." Dkt. 7 ¶ 2. In reality, on December 10, 2025, technical errors in the ECF system caused Plaintiffs' counsel to be marked pro se, which Defendants promptly corrected and provided notice to Plaintiffs' counsel via email and state court e-filing. *See* **Exhibit D**; **Exhibit J**.

Plaintiffs further claim that they amended the petition "to remove the claim that was accidentally added" before the Notice of Removal was filed. Dkt. 7 ¶ 3. This is false. The second notice of removal was filed in federal court on December 9, 2025, and in state court on December 10, 2025. Dkt. 6, pp. 704, 707. Plaintiffs' Third and Fourth Amended Petitions, filed December 10–11, 2025, contained allegations raising federal claims under Section 504 and the ADA, as well as retaliation for reporting concerns. Dkt. 6, pp. 8–37, 51–81, ¶¶ 17, 160, 164–65, 172, 174. Courts consider the substance of allegations over labels, and these pleadings clearly raised federal questions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

Plaintiffs also misrepresent Defendants' communications regarding removal. Dkt. 7 ¶ 4. Defendants simply informed Plaintiffs that references to Section 504 and other federal statutes should be removed to avoid federal court removal. *See* **Exhibit G**; **Exhibit E**. Plaintiffs' communications, by contrast, were misleading and threatening. Plaintiffs attached their Fourth Amended Petition in conferral emails, claiming to have searched for "your alleged 504 claims" without success, and sought Defendants' agreement to file it in federal court. Dkt. 7-3. Defendants did not agree to this filing, which is Plaintiffs' proposed fifth Amended Complaint.

Review of Plaintiffs' filings demonstrates clear gamesmanship. Plaintiffs' state-filed Fourth Amended Petition contained three references to Section 504, whereas the purported Fourth

Amended Complaint filed in federal court contained none. Dkt. 6, pp. 8–37, ¶¶ 160, 164–65; Dkt. 7-3. Plaintiffs' feigned ignorance of federal claims and attempts to manipulate pleadings to achieve remand reflect an intent to avoid federal jurisdiction while continuing to pursue federal claims.

### C.     Plaintiffs' "Fourth" Amended Complaint is Futile and Leave Should be Denied

Although Rule 15(a) of the Federal Rules of Civil Procedure generally favors liberal amendment, the Supreme Court has recognized in *Foman*, 371 U.S. at 182, that leave to amend may be denied for futility, undue delay, repeated failure to cure deficiencies, prejudice, or bad faith. *See also Stripling*, 234 F.3d at 873 (holding that an amendment is futile if it would fail to state a claim upon which relief can be granted). Here, even if the Court were inclined to consider the proposed Fourth Amended Complaint, leave should be denied because it is futile, pursued in bad faith, would cause undue delay or prejudice, reflects repeated failures to cure deficiencies or state a viable claim, and would unnecessarily waste judicial resources.

Plaintiffs cannot avoid federal jurisdiction through artful pleading or by omitting federal labels. *See Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855-56, 77 L.Ed.2d 420 (1983); *Waste Control Specialists, L.L.C. v. Envirocare of Tex., Inc.*, 199 F.3d 781, 784 (5th Cir. 2000). Plaintiffs' proposed Fourth Amended Complaint asserts a claim for "retaliation" without identifying any statutory basis. Dkt. 7-2, Count 11. Retaliation is not a common-law cause of action and exists only where created by statute. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173–74, 125 S.Ct. 1497, 1503-04, 161 L.Ed.2d 361 (2005); Dkt. 7.2, pp. 26-27. Plaintiffs allege retaliation for reporting discrimination, but cite no Texas statute creating a private right of action, leaving federal civil rights statutes, such as Section 504 of the Rehabilitation Act or the ADA, as the only possible sources of the claim. Further, Plaintiffs' whistleblower/retaliation claims are federal claims, arising solely under federal law because they

are based on reporting alleged violations to HHS, and no common law or state statute provides a private right of action. *See Jackson*, 544 U.S. at 173–74 (retaliation claims are statutory, not common law); Dkt. 7-2, p. 27; Dkt. 7-2, p. 27. This action is therefore removable under 28 U.S.C. § 1331 even if the Court is inclined to grant leave to file the Fourth Amended Complaint.

## III.    CONCLUSION

Given Plaintiffs' repeated factual misrepresentations, procedural gamesmanship, and exhaustion of their right to amend, once as a matter of course during the first removal and twice during the second removal, there is no good cause to permit a fifth amendment of the complaint. Plaintiffs' ongoing failure to cure deficiencies and propound discovery on their federal claims, despite multiple conferrals from Defendants, coupled with their bad faith filing of a misleading Motion for Leave to Amend, demonstrates calculated attempts to evade federal jurisdiction. *Foman*, 371 U.S. at 182. This repetitive strategy aims to force repeated remands, resulting in unnecessary delays, expenses, and prejudice to Defendants, who have a statutory right to a federal forum when federal claims are asserted. The Court should not reward this abuse of process. Defendants therefore oppose Plaintiffs' Motion for Leave to Amend and request that the Court deny the motion and strike Plaintiffs' "Fourth Amended Complaint." For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave, strike the Fourth Amended Complaint, and maintain jurisdiction over this case based on the federal questions substantively raised in Plaintiffs' Fourth Amended Petition.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER &
ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone:    512-840-0022
Facsimile:    210-538-5384

By: */s/ Randee Hobbs*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eangelone@slh-law.com
RANDEE HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2026, the foregoing document was electronically filed

with the Clerk of the Court, and a copy was served via the Court's electronic filing system on

Plaintiffs' counsel of record, as well as directly via email to:

Amy C. Welborn
**WELBORN LAW LLC**
8712 Mesa Suite B206
Austin, Texas 78759
amy@welborn-law.com

*/s/ Randee Hobbs*
Attorney for Defendants

11