# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISON

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, INDIVIDUALLY, AND AS NEXT FRIEND OF H.P., L.P., and R.P., MINORS, *Plaintiffs,* | § § § § § | |
| | § | CIVIL ACTION NO. 1:25-cv-00615 |
| v. | § § | |
| AUSTIN MONTESSORI SCHOOL, INC.; RONALD GRAE BAKER, INDIVIDUALLY; and JINNY GONZALEZ, INDIVIDUALLY, *Defendants.* | § § § § § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Austin Montessori School, Inc. ("AMS"), Ronald Grae Baker, individually, and Jinny Gonzalez, individually (collectively "Defendants") hereby give notice of the removal of this action from the 345th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. In support of the Notice of Removal, Defendants allege as follows:

**I.  NATURE OF THE SUIT**

Austin Montessori School ("AMS") is a private, non-profit 501(c)(3) organization that provides a Montessori education to children and adolescents aged 16 months to 15 years. For the 2024-2025 school year, Plaintiffs Ross and Sarah Ponder entered into an Enrollment Agreement ("Agreement") with AMS, under which the Ponders enrolled their children, H.P., L.P., and R.P. **Exhibit 1**, **pp. 38-41**. Plaintiffs assert that shortly after the children's enrollment, on December 3, 2024, H.P. was formally diagnosed with ADHD. **Exhibit 1, p. 17**. Plaintiffs assert eleven (12) causes of action against Defendants, including claims for negligence, breach of contract, fraud, civil conspiracy, and violations of the Americans with Disabilities Act and Section 504 of the

Rehabilitation Act. *Id.*, **pp. 22-32**.

## II. REMOVAL IS TIMELY

This action is currently pending in the 345th District Court of Travis County, Texas, under the case style *Ross Ponder and Sarah Ponder, Individually and as Next Friends of H.P., L.P., and R.P., Minors v. Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually*, Cause No. D-1-GN-25-002212 (the "State Action"). The plaintiffs initiated the State Action on March 28, 2025, and on April 1, 2025, the defendants, through counsel, accepted service of the citation and petition. **Exhibit 2**. Accordingly, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. THE COURT HAS ORIGINAL JURISDICTION OVER ONE OR MORE OF PLAINTIFFS' CLAIMS

Plaintiffs assert claims of violations of Title III of the Americans with Disabilities Act ("ADA") under 42 U.S.C. §§ 12182(a), 12182(b)(2)(A), 12182(b)(1)(A)(i), and 12181(7)(j) (Count 6). **Exhibit 1**, **p. 26**. Plaintiffs also assert claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), alleging failure to accommodate as well as disability-based discrimination and retaliation (Counts 7 and 12). *See* **Exhibit 1**, **pp. 27-32** (Pl.'s Orig. Pet. pp. 21-26); 29 U.S.C. § 794. Since this case involves federal questions, the Court has original jurisdiction over the Plaintiffs' ADA and Section 504 claims pursuant to 28 U.S.C. § 1331, as these claims constitute a civil action arising under the U.S. Constitution, federal laws, or treaties. Therefore, removal is proper.

## IV. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

The Court has supplemental jurisdiction over Plaintiffs' state law claims. In any civil action of which the federal district courts have original jurisdiction, the federal district courts shall have supplemental jurisdiction over all other claims that are related to claims in the action

2

within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). All of the Plaintiffs' claims relate to their relationship with Defendants, and all claims or causes of action comprise the same case or controversy between the parties. *See* **Exhibit 1**. Because all of the Plaintiffs' claims are interrelated, the Court has supplemental jurisdiction over Plaintiffs' claims that arise under state law. *See* 28 U.S.C. § 1367(a). Consequently, removal is proper under 28 U.S.C. § 1441(a), and the Court may exercise supplemental or pendent jurisdiction over any related state law claims.

**V. THIS NOTICE IS PROCEDURALLY CORRECT**

Defendants submit as exhibits to this Notice true and correct copies of the documents required by 28 U.S.C. § 1446(a), including the State Action Docket Sheet, Original Petition, Citations, and related documents, which are attached hereto and incorporated as **Exhibit 1**. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be provided to all parties and the Clerk of the 345th Judicial District Court of Travis County, Texas. The required filing fee for this removal has been paid.

**VI. JURY DEMAND**

Plaintiffs requested a jury trial in the State Action.

**VII. NON-WAIVER OF DEFENSES**

By removing this case to federal court, Defendants do not waive any available defenses, including any defenses under Federal Rule of Civil Procedure 12, nor do Defendants admit any allegation asserted in Plaintiffs' Petition filed in the State Action.

WHEREFORE, Defendants remove this action from the 345th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division so that this Court may assume jurisdiction over the case as provided by law.

3

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**

Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile: 210-538-5384

By: */s/ Christopher Schulz*
CHRISTOPHER SCHULZ
State Bar No. 24060576
Email: cshulz@slh-law.com
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eanglone@slh-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Plaintiffs, namely:

Amy C. Welborn
WELBORN LAW LLC
8712 Mesa Suite B206
Austin, Teas 78759
Email: amy@welborn-law.com

                                  */s/ Christopher Schulz*
                                  Attorney for Defendants

4