# EXHIBIT E

**Elizabeth Angelone** <eangelone@slh-law.com>
Re: Ponder v. AMS
Wed, 10 Dec 2025 23:09:15 +0000
To: "Welborn, Amy" <amy@welborn-law.com>
Cc: Taylor Norman <tnorman@slh-law.com>, Chris Schulz <cschulz@slh-law.com>, Randee Hobbs <rhobbs@slh-law.com>

Amy,

Please provide the legal authority requiring a conference before filing a notice of removal. To my knowledge, neither 28 U.S.C. § 1446 nor any applicable federal or local rule imposes a duty to confer prior to removal, but I am willing to review any authority you believe supports that position

Best regards,

Elizabeth Angelone
Partner



9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
(512) 840-0022 [Austin]
(210) 538-5385 [San Antonio]
(210) 538-5384 [Facsimile]
eangelone@slh-law.com
http://www.slh-law.com

**Confidentiality Notice and Disclaimers:** This e-mail (including any attachments) may contain confidential or privileged information protected by law and is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail and delete the original message from your system. This communication does not constitute legal advice and does not create an attorney–client relationship. Pursuant to IRS Circular 230, any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing, or recommending any transaction or matter addressed herein.

**From:** Welborn, Amy <amy@welborn-law.com>
**Date:** Wednesday, December 10, 2025 at 5:06 PM
**To:** Elizabeth Angelone <eangelone@slh-law.com>

**Cc:** Taylor Norman <tnorman@slh-law.com>, Chris Schulz <cschulz@slh-law.com>, Randee Hobbs <rhobbs@slh-law.com>
**Subject:** Re: Ponder v. AMS

Also, when you remove, you should have filed a certificate of conference. With whom did you confer in my office? As no one here has admitted to talking with you.

Amy



Amy Welborn, Managing Partner
Welborn Law LLC
1100 West
Austin, Texas 78701
direct- 512.825.3390
amy@welborn-law.com

  

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

On Wed, Dec 10, 2025 at 4:56 PM Elizabeth Angelone <eangelone@slh-law.com> wrote:

> Amy,
>
> There was no intention to withhold service for any strategic purpose. Any service issue appears to have been a clerical or ECF routing error, not intentional conduct. Importantly, you received the Notice of Removal through the state court's electronic system immediately upon filing, which must be done by the next business day, which directly contradicts any assertion that we attempted to conceal the filing or prevent you from receiving notice.
>
> Further, we do not agree that there was a mutual agreement that the case would remain in state court regardless of the substance of future pleadings. You elected to amend the petition for a second time, and the amended pleading reintroduced federal-law allegations, including Section 504 claims. Regardless of whether those statements were intentional, the operative petition contained federal claims on its face. Further, even the Third Amended petition filed today continues to assert federal claims.

To be clear, we were not ignoring your emails or avoiding discussion. We understood your amendment following the filing of special exceptions to speak for itself, and the procedural posture was determined by the filed pleadings, not by perceived communication gaps. Rather, the removal was based solely on the jurisdictional allegations contained in the operative petition. It was not motivated by anything personal, nor was it a repudiation of any professional representation. Any suggestion that the removal was done for "gamesmanship" or improper purposes is unfounded. We are acting within the bounds of the procedural rules and our obligations to our clients.

We remain willing to confer and discuss the case in a professional manner. References in your email to bar complaints and personal motives are unnecessary and unproductive, and they raise some genuine concern about the level of stress this case may be causing you. These issues are procedural and can be resolved through direct, professional communication.

Best regards,

Elizabeth Angelone
Partner

signature_187568941

9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
(512) 840-0022 [Austin]
(210) 538-5385 [San Antonio]
(210) 538-5384 [Facsimile]
eangelone@slh-law.com
http://www.slh-law.com

**Confidentiality Notice and Disclaimers:** This e-mail (including any attachments) may contain confidential or privileged information protected by law and is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail and delete the original message from your system. This communication does not constitute legal advice and does not create an attorney–client relationship. Pursuant to IRS Circular 230, any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing, or recommending any transaction or matter addressed herein.

**From:** Welborn, Amy <amy@welborn-law.com>
**Date:** Wednesday, December 10, 2025 at 4:46 PM
**To:** Taylor Norman <tnorman@slh-law.com>, Elizabeth Angelone <eangelone@slh-law.com>, Chris Schulz <cschulz@slh-law.com>

**Subject:** Ponder v. AMS

All,

1. You failed to serve me with your Federal Court filing and intentionally listed my clients as pro se.  Was this done to try and make us miss deadlines?  This type of gamesmanship is truly uncalled for and reprehensible.
2. We had an agreement that we would remove the Federal claims and the case would go back to state court.  We did so.  We received your Special Exceptions and added facts to help you understand our claims.  In and in doing so, I inadvertently added some 504 claim language back in. It  was a mistake.  Yet, you did not reach out to me to ask about it.  You have not responded to my emails asking for depo dates. You have completely ignored me. Had you reached out,  I would have fixed the error.   We have revised our petition to remove it. Just as we said we would in our agreement.   This was done prior to the Notice of Removal being filed.
3. Regardless, you chose to not uphold the agreement and you removed the case again.  Why would you make an agreement if you did not intend to follow it?  Did you not pick up the phone because you are too embarrassed to admit that your word meant nothing?  Or was all of this done simply so you can bill the file?

I am so beyond shocked at your actions.  I would like a call today.  My clients deserve an explanation.  I am holding them back from filing Bar Complaints against you both, and told them to let me speak with you first.  However, if you continue to not speak to me, I can not prevent their actions.

Thanks,

Amy

Amy Welborn



Amy Welborn, Managing Partner
**Welborn Law LLC**
1100 West
Austin, Texas 78701
direct- 512.825.3390
amy@welborn-law.com

  

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.