# EXHIBIT I

CAUSE NO.  D-1-GN-25-002212

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.; | § | |
| RONALD GRAE BAKER, INDIVIDUALLY; | § | |
| and JINNY GONZALEZ, INDIVIDUALLY, | § | |
| Defendants. | § | 345TH JUDICIAL DISTRICT |

## PLAINTIFF ROSS PONDER'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT AUSTIN MONTESSORI SCHOOL, INC.

TO:    Defendant, Austin Montessori School, Inc., by and through its attorneys of record, Christopher Schulz, Elizabeth Angelone, and Randee J. Hobbs, Schulman, Lopez, Hoffer & Adelstein, LLP, Travis Building, 9011 Mountain Ridge Dr., Suite 210, Austin, Texas 78759.

COMES NOW Ross Ponder, Plaintiff herein, pursuant to Rule 196 of the Texas Rules of Civil Procedure, and serve this request to Defendant Austin Montessori School, Inc., to produce the following information and permit Plaintiff, or someone acting on their behalf, to inspect, sample, test, photograph, and/or copy the following designated documents, papers, books, accounts, writings, drawings, graphs, charts, photographs, recordings, and other date computations from which information can be obtained, or translated, if necessary, by Defendant through appropriate devices into a reasonably usable form and to inspect, sample, test, photograph or copy any tangible things which are not privileged and which things constitute or contain matters which are in the possession, custody or control of Defendant.

Under the terms of Rule 196, the response to this request, and objections, if any, shall be served within thirty (30) days after the date of receipt of this request.

1

This request for documents is continuing in nature and requires supplementation pursuant to Rule 193.5 of the Texas Rules of Civil Procedure should Defendant generate or obtain further pertinent information or documents between the time answers are filed and documents are produced at the time of trial.

This production request seeks all documents available to you or in your possession, custody, or control from any source wherever situated, including but not limited to information from any files, records, documents, employees, former employees, counsel, and former counsel of any party to this litigation, Defendant or Plaintiff, and including, but not limited to, documents in the possession, custody or control of Defendant, and documents in the possession, custody or control of any predecessor or successor of Defendant.

**Please be advised, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that any document produced by Defendant may be used at trial.**

It is requested that all documents and/or other data compilations that concern the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.

In the event a timely objection is filed as to any requested item, please nevertheless respond to all portions of the request which do not fall within the scope of the objection.

If any information is being withheld under any claim of privilege, protection, or immunity, please comply with the Texas Rules of Civil Procedure. For any such information withheld on the basis of privilege, protection or immunity, please:

a. state information or material responsive to the request has been withheld;

b. state the request to which the information or material relates; and

c. state the privilege or privileges asserted.

2

If you cannot produce a document or item because it is not in your possession, custody, or control, please identify the document or item, the reason the document or item is not in your possession, custody, or control, and the entity currently having possession, custody, or control over the document or item.

For any requested information about an item that no longer exists or that cannot be located, identify the item, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the item, and identify any other document or item evidencing the lost item's existence or any facts about the lost item.

## I.

### DEFINITIONS

1.      "Defendant" shall mean Defendant Austin Montessori School, Inc. and its current and former members, managers, employees, agents, attorneys, representatives and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

2.      The words "you" or "yours" shall mean Defendant Austin Montessori School, Inc. and its current and former members, managers, employees, agents, attorneys, representatives and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

3.      "Document" or "documents" includes, without limitation, each and every written, typed, printed, recorded, transcribed, taped, filmed, or graphic material, however produced or reproduced, including copies of originals if originals are not in existence or not available, wherever located. The term "Documents" also includes all written or graphic material of every kind and

nature, including, but not limited to, testimony and exhibits, memoranda, inter-office memoranda, intra-office memoranda, correspondence, letters, proposals, reports (including drafts, preliminary, immediate, and final reports), surveys, analyses, studies (including economic and market studies), test results, summaries, comparisons, tabulations, charts, books, pamphlets, photographs, slides, videotapes, maps, charts, graphs, bulletins, corporate or other minutes, notes, diaries, log sheets, ledgers, transcripts, microfilm, microfiche, computer data, computer files, computer tapes, computer inputs, computer outputs and printouts, vouchers, bills, accounting statements, invoices, bills of lading, financial statements, canceled checks, check stubs, budgets, work papers, engineering diagrams (including one-line diagrams, radiographic studies, mechanical and electrical recordings, telephone and telegraphic communications, speeches, scientific tests or results, medical records, medical bills, contracts, agreements, and portion or parts thereof in whatever form, safety rules and regulations, safety guidelines, safety manuals, directives, corporate charters, consolidated tax returns, and all other records, written, electrical, mechanical or otherwise, and drafts of any of the above and any and all other such material not included in the foregoing relating in any way to the subject matter specified. "Document" or "Documents" also includes copies of documents, where originals are not in your possession, custody or control. "Documents" includes every non-identical copy of a document which contains handwritten or other notations, which otherwise does not duplicate the original or any other copy. "Document" or "Documents" also includes any attachments or appendices to any document.

4.    "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating and organizing documents.

4

5.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6.      "Relating or referring to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

7.      "Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, digital recording, sketch, negative or any recording of any non-verbal communication in tangible form.

8.      "The Ponder Children" means the children of Ross Ponder and Sarah Ponder identified by their initials as minor Plaintiffs in this lawsuit.

II.

DOCUMENTS NO LONGER IN THE POSSESSION, CUSTODY
OR CONTROL OF DEFENDANT

If any document otherwise responsive to any request was, but is no longer in possession or subject to control of Defendant or in existence, state whether:

(1)      it is missing or lost;

(2)      has been destroyed;

(3)      has been transferred voluntarily to others, or

(4)      has been otherwise disposed of.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing its destruction or transfer, and the date(s) of such direction or authorization. Identify each document by listing its author and addresses, (e.g., letter,

memorandum, telegram, chart, photograph, etc.) date, subject matter, whether the documents (or copies are still in existence, and if so, their present location(s) and custodian(s).

III.

DOCUMENTS REQUESTED

1.    All employee handbooks authored or co-authored by Grae Baker.

2.    All AMS internal policies, training materials, and handbooks authored by Grae Baker, Jinny Gonzalez, Sveta Pais, Dawn Michael, Leslie Grove, and/or Donna Bryant Goertz.

3.    All training materials regarding communication between staff and families or the five years prior to the Ponder children's enrollment to present.

4.    All trainings that were conducted at Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present, including trainings for teachers, parents and/or staff.

5.    The training records for all staff at Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present.

6.    All parent, student, or family handbooks that were used by Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present.

7.    All records and communications regarding proposing and/or making changes to the Austin Montessori School, Inc. handbook for the five years prior to the Ponder children's enrollment to present.

8.    Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding preventing children's access to water bottles for the five years prior to the Ponder children's enrollment to present.

9.     Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding isolating a child in a bathroom, darkened room, or quiet spaces for the five years prior to the Ponder children's enrollment to present.

10.     Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding isolating a child in a bathroom for the five years prior to the Ponder children's enrollment to present.

11.     Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding isolating HP in a bathroom.

12.     Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding HP.

13.     Produce all documents and records regarding all investigations, disciplinary actions, memos, or notices regarding RP.

14.     Produce all documents, trainings, memos, communications, or other information shared at Austin Montessori School, Inc. regarding "underdeveloped will" for the five years prior to the Ponder children's enrollment to present.

15.     Produce all documents, trainings, memos, communications, or other information shared at Austin Montessori School, Inc. regarding HP having an "underdeveloped will."

16.     Produce all notes, drafts, communications, meetings, or any other documents regarding the creation of a treatment plan for HP's underdeveloped will.

17.     Produce all documents, trainings, policies, memos, or meetings that discuss ADHD for the five years prior to the Ponder children's enrollment to present.

18.     Produce all notes, drafts, communications, meetings, or any other documents regarding HP being diagnosed with ADHD.

19.    Produce all documents, trainings, policies, memos, or meetings that discuss medicating children attending Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present.

20.    Produce all notes, drafts, communications, meetings, or any other documents regarding HP taking medication.

21.    Produce all logs of parents visiting their children's classrooms or the classrooms in which the Ponder children attended during their time of enrollment.

22.    Provide time sheets, logs, and other documents that evidence who was staffing each classroom, including Magnolia Cottage from August 2023 through the end of July 2025.

23.    All meetings, notes, communications or other documents in which expelling one or more of the Ponder's children was discussed.

24.    All documents, articles, medical journals, meeting minutes or other documents that discuss "underdeveloped will."

25.    All whistle blower policies in effect at Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present.

26.    All policies regarding helping or "holding firm boundaries" with students.

27.    All documents, communications, memos, meeting minutes that discuss the interactions between Grae Baker's daughter and LP.

28.    Produce all documents, trainings, policies, memos, or meetings that discuss resolving conflict between students for the five years prior to the Ponder children's enrollment at Austin Montessori School, Inc. to present.

29.    Produce all documents relied upon in the creation of admission policies, enrollment policies, and parent workshops for the five years prior to the Ponder children's enrollment at Austin Montessori School, Inc. to present.

30.    Produce all documents identified by Austin Montessori School, Inc. in answer to Interrogatory No. 3.

31.    Produce all documents identified by Austin Montessori School, Inc. in answer to Interrogatory No. 10.

32.    Produce all logs of parent classroom observations after September 1, 2023 where the parent arrived unannounced and without an appointment to utilize the schools "open door policy".

33.    All board minutes, meeting notes, or agendas regarding meetings in which HHS complaints were discussed from 5 years prior to the Ponders enrollment to present.

34.    All staff meeting notes, agendas, or minutes regarding meetings in which HHS complaints were discussed from 5 years prior to the Ponders enrollment to present.

35.    All board minutes, meeting notes, or agendas regarding meetings in which the Ponders were discussed.

36.    All staff meeting notes, agendas, or minutes regarding meetings in which the Ponders were discussed.

37.    Produce all communications with the Ponders.

38.    Produce all communications about the Ponders.

39.    Produce all communications, trainings, or notes about treatment of "undeveloped will."

40.    Produce all medical certifications for Jinny Gonzlez.

Respectfully submitted,

**WELBORN LAW LLC**
1100 West Avenue
Austin, Teas 78701
Telephone: (512) 825-3390


By: ___*/s/ Amy C. Welborn*_____
    Amy C. Welborn
    State Bar No. 24012853
    amy@welborn-law.com

**ATTORNEY FOR PLAINTIFFS**


## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent by electronic service to counsel of record, in accordance with the Texas Rules of Civil Procedure, on this 12th day of November, 2025.

    Christopher Schulz
    cshulz@slh-law.com
    Elizabeth Angelone
    eanglone@slh-law.com
    Randee J. Hobbs
    rhobbs@slh-law.com
    SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP
    Travis Building
    9011 Mountain Ridge Dr., Suite 210
    Austin, Texas 78759
    *Counsel for Defendants*

CAUSE NO.  D-1-GN-25-002212

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.; | § | |
| RONALD GRAE BAKER, INDIVIDUALLY; | § | |
| and JINNY GONZALEZ, INDIVIDUALLY, | § | |
|     Defendants. | § | 345TH JUDICIAL DISTRICT |

## PLAINTIFF ROSS PONDER'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT AUSTIN MONTESSORI SCHOOL, INC.

TO:    Defendant, Austin Montessori School, Inc., by and through its attorneys of record, Christopher Schulz, Elizabeth Angelone, and Randee J. Hobbs, Schulman, Lopez, Hoffer & Adelstein, LLP, Travis Building, 9011 Mountain Ridge Dr., Suite 210, Austin, Texas 78759.

Pursuant to Rule 198 of the Texas Rules of Civil Procedure Ross Ponder, Plaintiff herein, submits the following First Requests for Admissions to be answered fully in writing under oath by Defendant Austin Montessori School, Inc. herein, and to be served on the undersigned attorneys no later than thirty (30) days after receipt.

I.

DEFINITIONS

1.    "Defendant" shall mean Defendant Austin Montessori School, Inc. and its current and former members, managers, employees, agents, attorneys, representatives and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

2.    The words "you" or "yours" shall mean Defendant Austin Montessori School, Inc. and its current and former members, managers, employees, agents, attorneys, representatives

1

and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not.

3.      "Document" or "documents" includes, without limitation, each and every written, typed, printed, recorded, transcribed, taped, filmed, or graphic material, however produced or reproduced, including copies of originals if originals are not in existence or not available, wherever located. The term "Documents" also includes all written or graphic material of every kind and nature, including, but not limited to, testimony and exhibits, memoranda, inter-office memoranda, intra-office memoranda, correspondence, letters, proposals, reports (including drafts, preliminary, immediate, and final reports), surveys, analyses, studies (including economic and market studies), test results, summaries, comparisons, tabulations, charts, books, pamphlets, photographs, slides, videotapes, maps, charts, graphs, bulletins, corporate or other minutes, notes, diaries, log sheets, ledgers, transcripts, microfilm, microfiche, computer data, computer files, computer tapes, computer inputs, computer outputs and printouts, vouchers, bills, accounting statements, invoices, bills of lading, financial statements, canceled checks, check stubs, budgets, work papers, engineering diagrams (including one-line diagrams, radiographic studies, mechanical and electrical recordings, telephone and telegraphic communications, speeches, scientific tests or results, medical records, medical bills, contracts, agreements, and portion or parts thereof in whatever form, safety rules and regulations, safety guidelines, safety manuals, directives, corporate charters, consolidated tax returns, and all other records, written, electrical, mechanical or otherwise, and drafts of any of the above and any and all other such material not included in the foregoing relating in any way to the subject matter specified. "Document" or "Documents" also includes copies of documents, where originals are not in your possession, custody or control. "Documents" includes every non-identical copy of a document which contains handwritten or

other notations, which otherwise does not duplicate the original or any other copy. "Document" or "Documents" also includes any attachments or appendices to any document.

      4.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating and organizing documents.

      5.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

      6.     "Relating or referring to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

      7.     "Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, digital recording, sketch, negative or any recording of any non-verbal communication in tangible form.

      8.     "The Ponder Children" means the children of Ross Ponder and Sarah Ponder identified by their initials as minor Plaintiffs in this lawsuit.

Respectfully submitted,

**WELBORN LAW LLC**
1100 West Avenue
Austin, Teas 78701
Telephone: (512) 825-3390


By:   */s/ Amy C. Welborn*
     Amy C. Welborn
     State Bar No. 24012853
     amy@welborn-law.com

**ATTORNEY FOR PLAINTIFFS**

3

## **CERTIFICATE OF SERVICE**

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent by electronic service to counsel of record, in accordance with the Texas Rules of Civil Procedure, on this 12th day of November, 2025.

Christopher Schulz
cshulz@slh-law.com
Elizabeth Angelone
eanglone@slh-law.com
Randee J. Hobbs
rhobbs@slh-law.com
SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
*Counsel for Defendants*

REQUESTS FOR ADMISSIONS

1.      Admit or deny Austin Montessori School, Inc. told the Ponders it has the ability to meet the needs of children of all learning rates.

        Response:


2.      Admit or deny Austin Montessori School, Inc. has the ability to meet the needs of children of all learning rates.

        Response:


3.      Admit or deny Austin Montessori School, Inc. provides a premier education.

        Response:


4.      Admit or deny Austin Montessori School, Inc. told the Ponders it provides a premier education.

        Response:


5.      Admit or deny Austin Montessori School, Inc. was unable to accommodate three adults in the classroom.

        Response:


6.      Admit or deny Austin Montessori School, Inc. staff threatened the Ponders.

        Response:


7.      Admit or deny Austin Montessori School, Inc. told the Ponders it was unable to accommodate three adults in the classroom.

        Response:


8.      Admit or deny Austin Montessori School, Inc. hired an outside tutor for the son of the HHS licensing director.

        Response:

9.      Admit or deny Austin Montessori School, Inc. has over $5 million.

        Response:


10.     Admit or deny Austin Montessori School, Inc. chose not to lower the student-adult ratio in the classroom where HP was a student during the time he was enrolled.

        Response:


11.     Admit or deny Austin Montessori School, Inc. discouraged teachers from speaking to one another during staff meetings.

        Response:


12.     Admit or deny Jeff Schneider edited the handbook between January 14-16, 2025.

        Response:


13.     Admit or deny Sveta Pais edited the handbook between January 14-16, 2025.

        Response:


14.     Admit or deny references to federal statutes were removed from the handbook in January 2025.

        Response:


15.     Admit or deny water deprivation was used as a behavioral intervention at Austin Montessori School, Inc..

        Response:


16.     Admit or deny Lesley Williams locked up the children's water bottles and would not give them access on one or more occasions.

        Response:

6

17.     Admit or deny Austin Montessori School, Inc. pays a $3,000 a month consulting fee to Donna Bryant Goertz and will continue to pay $3,000 per month until her death.

      Response:


18.     Admit or deny the IHOPE plan is not an official component of the Montessori Method.

      Response:


19.     Admit or deny Grae Baker represented to the Ponders on December 16, 2024, that Austin Montessori School, Inc. would delay enrollment decisions.

      Response:


20.     Admit or deny Austin Montessori School, Inc. was aware that the Ponders had filed an HHS complaint prior to the expulsion of all three Ponder children.

      Response:


21.     Admit or deny Austin Montessori School, Inc. expelled the Ponders on January 24, 2025.

      Response:


22.     Admit or deny no accommodation meetings were held for HP after the receipt of his AISD evaluation.

      Response:


23.     Admit or deny Austin Montessori School, Inc. approved Jinny Gonzalez's treatment plan for HP's "underdeveloped will."

      Response:


24.     Admit or deny Austin Montessori School, Inc. required HP to be driven to school as part of his treatment plan.

      Response:

25.    Admit or deny Austin Montessori School, Inc. instructed the Ponders to feed HP separated from the entire family.

        Response:


26.    Admit or deny Austin Montessori School, Inc. asked Sarah Ponder to join the Austin Montessori School, Inc. Development Committee in the fall of 2024.

        Response:


27.    Admit or deny Jinny Gonzalez complained to the school board about Grae Baker's job performance.

        Response:


28.    Admit or deny Grae Baker was required by the board to take diversity, equity, and inclusion trainings.

        Response:


29.    Admit or deny Grae stated that Hank had "developmental needs that exceed Austin Montessori School, Inc. can reasonably support."

        Response:


30.    Admit or deny Austin Montessori School, Inc. recommended Sue Cozart cancel her contract with Real Wealth Planning.

        Response:


31.    Admit or deny Austin Montessori School, Inc. was aware that Real Wealth Planning had an event scheduled at Easy Tiger on February 14, 2025.

        Response:


32.    Admit or deny HP was kept inside to clean up lunch while other children were allowed to play outside.

        Response:

33.    Admit or deny Grae Baker's daughter had bullied LP.

    Response:


34.    Admit or deny a student at Austin Montessori School, Inc. threatened to kill the parents of other children during the time the Ponders were enrolled.

    Response:


35.    Admit or deny Jinny Gonzalez has no medical licenses.

    Response:


36.    Admit or deny Austin Montessori School, Inc. instructed HP to eat alone in a bathroom.

    Response:


37.    Admit that on one or more occasions HP was not allowed to go outside to play with his class.

    Response:


38.    Admit or deny Austin Montessori School, Inc. deprived water to children as a disciplinary measure.

    Response:


39.    Admit or deny Austin Montessori School, Inc. isolated one or more children in a bathroom as a disciplinary measure.

    Response:


40.    Admit or deny Austin Montessori School, Inc. marketed itself as inclusive and able to serve children of all learning styles and rates.

    Response:


41.    Admit or deny Austin Montessori School, Inc. failed to provide the full-day educational services contracted for with the Ponder family.

9

Response:

42.    Admit or deny Austin Montessori School, Inc. administration communicated details of the Ponder expulsion to non-staff members before notifying the Ponder family.

     Response:

43.    Admit or deny on December 16, 2024, Grae Baker in meeting with Jeff Schneider states Austin Montessori School, Inc. can accommodate ADHD medication.

     Response:

44.    Admit or deny Grae Baker admitted Austin Montessori School, Inc. had failed to communicate effectively.

     Response:

45.    Admit or deny Jeff Schneider admitted Austin Montessori School, Inc. had failed to communicate effectively.

     Response:

46.    Admit or deny during the Ponders' application cycle, Austin Montessori School, Inc. advertised four staff in Magnolia cottage.

     Response:

47.    Admit or deny during the Ponders' application cycle, Austin Montessori School, Inc. advertised having three staff in Cypress cottage on the Austin Montessori School, Inc. website.

     Response:

48.    Admit or deny Austin Montessori School, Inc. did not have a written suspension and expulsion policy before October 2024.

     Response:

49.    Admit or deny the 2024-2025 Parent Community Handbook, Grae Baker is designated as Admit or deny Austin Montessori School, Inc.'s Section 504 and ADA coordinator.

    Response:


50.    Admit or deny Austin Montessori School, Inc. became aware of the HHS complaint filed by the Ponders on January 25, 2025.

    Response:


51.    Admit or deny Austin Montessori School, Inc. intentionally withheld information about students' academic testing results from parents "so as not to alarm parents".

    Response:


52.    Admit that multiple families have withdrawn their children from Austin Montessori School, Inc. due to concerns about academic standards.

    Response:


53.    Admit or deny that multiple families have withdrawn their children from Austin Montessori School, Inc. due to concerns about communication.

    Response:

54.    Admit or deny Austin Montessori School, Inc. chose not to lower the student-adult ratio in the nap room where HP was a student during the time he was enrolled.

    Response:


55.    Admit or deny Austin Montessori School, Inc. expelled all of the Ponder children because the Ponders complained to HHS.

    Response:


56.    Admit or deny AMS was aware that Hank was diagnosed with ADHD only and no other psychological or neurological conditions as affirmed by his pediatrician and an AISD licensed psychologist.

    Response:

57.    Admit or deny Jinny Gonzalez stated to parents that "Austin Montessori School does not provide written progress reports for Early Childhood Programs."

Response:

58.    Admit or deny that "Austin Montessori School does not provide written progress reports for Early Childhood Programs."

Response:

59.    Admit or deny that Austin Montessori School did not provide the Ponders written incident reports to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

60.    Admit or deny that during the Fall of 2024, Magnolia cottage had at least 4 different assistant or substitute guides in the classroom at different times due to staffing issues.

Response:

61.    Admit or deny that Austin Montessori School had staffing issues in the Fall of 2024.

Response:

62.    Admit or deny the child of a person that has been employed by Austin Montessori School, Inc. threatened to kill the parents of other children during the time the Ponders were enrolled.

Response:

62.    Admit or deny the child who threatened to kill the parents of other children during the time the Ponders were enrolled was not expelled.

Response:

63. Admit or deny Austin Montessori School, Inc. expelled the Ponders on January 31, 2025.

Response:

64.     Admit or deny that children in Magnolia Cottage were required to practice lunch routines repeatedly until the guide deemed them perfect.

        Response:

65.     Admit or deny that children in Magnolia Cottage were required to line up after lunch and go to the bathroom one by one for inspection (cleaning, flushing).

        Response:

66.     Admit or deny that AMS staff called H.P.'s behavior "fake".

        Response:

67.     Admit or deny that AMS staff called H.P.'s behavior "faking.".

        Response:

68.     Admit or deny that AMS staff called H.P., "fake H.P."

        Response:

69.     Admit or deny a child of a staff member at Austin Montessori School, Inc. threatened to kill the parents of other children during the time the Ponders were enrolled.

        Response:

70.     Admit or deny Austin Montessori School, Inc. provided the Ponders with a written suspension and expulsion policy before enrolling at AMS.

        Response:

71.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 8, 2023 to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:

72.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 11, 2023 to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

73.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 12, 2023 to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

74.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 5, 2023, to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

75.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on March 29, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

76.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on April 18, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

77.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on May 10, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

78.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on August 22, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

    Response:

14

79.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on August 23, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


80.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on August 27, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


81.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on August 29, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


82.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on August 30, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


83.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 6, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


84.     Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 12, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:

15

85.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on September 16, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


86.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 3, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


87.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 4, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


88.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 15, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


89.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 22, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:


90.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on October 31, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

        Response:

91.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 7, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

92.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 8, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

93.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 14, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

94.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 15, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

95.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 18, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

96.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 19, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

97.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 18, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

Response:

98.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 19, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


99.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 21, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


100.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on November 22, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


101.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 2, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


102.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 4, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


103.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 5, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:

104.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 6, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


105.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 12, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response:


106.    Admit or deny that Austin Montessori School did not provide the Ponders written incident report on December 16, 2024, to sign on days when required to pick up H.P. from school prior to the contracted time.

      Response: