UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § <br> INDIVIDUALLY, AND AS NEXT FRIEND § <br> OF H.P., L.P., and R.P., MINORS, § <br>     Plaintiffs, § <br> § <br> VS. § <br> § <br> AUSTIN MONTESSORI SCHOOL, INC.; § <br> RONALD GRAE BAKER, INDIVIDUALLY; § <br> and JINNY GONZALEZ, INDIVIDUALLY, § <br>     Defendants. § | CIVIL ACTION NO. 1:25-cv-02020 ADA-SH |

**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE PLAINTIFFS' FOURTH/FIFTH AMENDED COMPLAINT**

COMES NOW Plaintiffs, Ross Ponder and Sarah Ponder, Individually and as Next Friend of H.P., a minor ("Ponders" or "Plaintiff"), make and file this their Motion to file their Fourth/Fifth Amended Complaint against Defendant Austin Montessori School, Inc.("AMS"), Grae Baker ("Baker"), and Jinny Gonzalez ("Gonzalez") (collectively "Defendants") and show the Court as follows:

### I. BACKGROUND

1. Plaintiffs filed suit in State Court. Defendants removed the case to Federal Court. Parties agreed that if certain causes of action were dropped, the case could be remanded. The case was remanded. Upon responding to Defendants Special Exceptions in state court, Plaintiffs accidentally added a cause of action that they had agreed to drop. Instead of calling counsel for Plaintiffs, Defendants counsel removed the case to Federal Court.

2. The removal was filed in Federal Court but Plaintiffs did not receive notice because Defendants counsel, knowing Plaintiffs were represented, filed the removal stating that the Plaintiffs were pro se.

3. Upon learning of the error and before the Notice of Removal was filed in State Court, the petition was amended to remove the claim that was accidently added when adding the facts section from a former complaint.

4. After discussing the concerns with defense counsel, Plaintiff's counsel learned that defense counsel now would not agree to a remand unless any reference to 504 was removed from the petition. Defendants counsel demanded that any reference to the word 504 be removed from the complaint. As such, the Federal Complaint was drafted and as per the discussion and agreements, the correction and removal of the 504 reference was removed. Plaintiffs' counsel understood that the agreement between the call and emails was to file the Fourth Amended Petition and make it a federal complaint and remove the 504 reference in the facts. However, Defendants' counsel has stated that only the email was part of the agreement and the removal of the 504 reference which was in the facts section is not something she agreed to. As such, counsel no longer agrees to the filing of this Amended Complaint.

5. The Fourth Amended Petition was never accepted because Defendants had removed the case.

6. Plaintiffs seek to file the Fourth/Fifth Amended Petition to fix the clerical error that occurred when attempting to add facts in the state court petition in response to the Defendants Special Exceptions and to ensure that all references of 504 are removed to not create any concern that there are any complaints for 504 violations. The original petition was filed in state court. Exhibit A. The Defendants removed the case to federal court and by agreement the federal complaints were removed and the case was remanded. The Defendants than filed special exceptions. Exhibit B.

To add the facts back in that were the basis of the Special Exceptions, Plaintiffs amended the state court petition and filed the Second Amended Complaint. In doing so, a clerical error occurred and the 504 claim was readded as an oversight. Instead of reaching out to discuss that the Petition was not compliant with the agreement of parties, Defendants removed the case to federal court and stated Plaintiffs were pro se. Defendants, upon learning of the clerical error, filed a Third Amended Complaint to remove the cause of action, as per the agreement, as they did not seek to include any federal claims in the suit. This was filed as a Fourth Amended Petition with state court but was not accepted due to the fact that the ase was removed. The parties then discussed filing an amended complaint. After agreeing to allow the same petition to be filed, Plaintiffs counsel stated that it was her belief that all references to 504 had to be removed for the compliant to be complaint with the agreement of parties. As such, the complaint was amended to remove all references to 504. The sentence in the facts about 504 was not a cause of action and had been added back in as part of the original facts section. Plaintiffs never intended to reassert any federal claims and has no intention of seeking claims for any 504 violations. As such, while this is now the Fourth/Fifth Amended Complaint, it is really only seeking to fix a clerical error and to remove any question asserted by Defendants that the case involves claims for violations of 504 or other federal claims.

7. Plaintiffs specifically agreed to remove all 504 causes of action, as this case is about the state court claims and is simply trying to fix an error that occurred in adding facts into the petition using a prior version of the petition.

## III. ARGUMENT

7. Good cause exists to amend. Defense counsel has specifically requested to remove a factual reference to a request for 504, as defense counsel states that it is confusing and must be removed so it is clear that the retaliation cause of action is not related to this request but is related to the actions taken by Defendants after Plaintiffs made a complaint to Texas Health an Human Services Commission.

8. Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings and provides that "[t]he court should freely give leave when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. The Supreme Court has interpreted this rule liberally, instructing that leave to amend should be granted in the absence of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9. The Fifth Circuit has held that prejudice is the "touchstone of the inquiry under Rule 15(a)." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). Here, no such prejudice exists. The case is in its early stages, and discovery has just begun. Further, the complaint removes a factual sentence that Plaintiffs' counsel stated was confusing. The revised complaint not only does not cause prejudice, it fixes clerical erros and removes causes of action Plaintiffs are not seeking as per the agreements of parties. The Amended Petition makes it clear that there are no claims alleged regarding 504 accommodations and that Plaintiffs have and continue to attempt to uphold the agreement between the parties. The Defendant will have ample opportunity to respond to the Amended Complaint.

10. The Supreme Court held in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) that the proper vehicle to remove a cause of action is Federal R. Civ. P. 15(a). The filing of this

complaint is necessary to remove a cause of action that was unintentionally added back into the complaint as well as fix some language that the Defendants have requested be removed to make it lear that there are no allegations for 504 or any other federal causes of action, as per our agreement.

10. Attached as Exhibit C is the Proposed Fourth/Fifth Amended Complaint.

11. Attached as Exhibit D-E is the redline showing the changes from the Third Amended Petition, and the Fourth Amended Petition that Plaintiffs attempted to file in state court when they were unaware that the case had been removed because their client was listed as being pro se.

## X. PRAYER

WHEREFORE, Plaintiffs pray that their Motion for Leave be granted, that the Fourth/Fifth Amended Complaint be accepted and filed, and for any further relief to which Plaintiffs may show themselves justly entitled in law or equity.

Respectfully submitted,

**WELBORN LAW LLC**
1100 West Ave.
Austin, Texas 78701
Telephone: (512) 825-3390

By: /s/ Amy C. Welborn
Amy C. Welborn
State Bar No. 24012853
amy@welborn-law.com

ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has on counsel for all parties via the electronic service of the CMECF efile system.

Chris Schultz
Elizabeth Angelone
Randee Hobbs
SCHULMAN, LOPEZ, HOFFER, & ADELSTEIN LLP
9011 Mountain Ridge Dr. #210
Austin, TX 78759
cschulz@slh-law.com
eangelone@slh-law.com
rhobbs@slh-law.com


                                                */s/ Amy Welborn*
                                                Amy Welborn

## CERTIFICATE OF CONFERENCE

Counsel for Defendants oppose this Motion. A copy of the correspondence with Defendants Counsel is attached as Exhibit F.


                                      */s/ Amy Welborn*
                                      Amy Welborn