UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, INDIVIDUALLY, AND AS NEXT FRIEND OF H.P., L.P., and R.P., MINORS,<br>　　*Plaintiffs*,<br><br>v.<br><br>AUSTIN MONTESSORI SCHOOL, INC.; RONALD GRAE BAKER, INDIVIDUALLY; and JINNY GONZALEZ, INDIVIDUALLY,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE PLAINTIFFS' FOURTH/FIFTH AMENDED COMPLAINT**

COME NOW, Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually (collectively "Defendants"), who file their *Response In Opposition to Plaintiffs' Second Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint* (Dkt. 10) and show as follows:

**I.　PROCEDURAL BACKGROUND**

Plaintiffs filed their Original Petition in state court on March 28, 2025, raising *inter alia*, Section 504 and the Americans with Disabilities Act ("ADA") claims. Dkt. 6, pp. 777-801. On April 24, 2025, Defendants filed their notice of removal to federal court. *See* Dkt. 9-1. Shortly thereafter, on April 30, 2025, Defendants filed their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Petition. *See* Dkt. 9-2. On June 11, 2025, Plaintiffs filed their First Amended Complaint voluntarily dropping their Section 504 and ADA claims. Dkt. 6, pp. 468-492. On July 14, 2025, the Report and Recommendation was issued, recommending remand to the state court, which

1

Judge Albright adopted. Dkt. 6, pp. 494-496. The state court was notified of the remand on August 7, 2025. *See* Dkt. 9-3.

### A. Post-Remand (State Court)

On September 17, 2025, Defendants filed their Special Exceptions in state court to Plaintiffs' **First Amended Complaint**. *See* Dkt. 6, pp. 818-867. In an abundance of caution, on November 4, 2025, Defendants filed their Amended State Court Answer and Special Exceptions to Plaintiff's Original Complaint, as Plaintiffs did not file their First Amended Complaint filed in federal court with the state court. *See* Dkt. 6, pp. 1050-1120. On November 10, 2025, Plaintiffs filed their **Second Amended Complaint** in the state court, realleging, among other things, fraudulent inducement and breach of contract predicated on an alleged failure to provide Section 504 accommodations and for retaliation. *See* Dkt. 6, p. 504-533 (asserting a cause of action for violations of Section 504 and alleging that AMS denied H.P. services and otherwise discriminated against H.P. based on his disability).

### B. Removal of Plaintiffs' Second Amended Complaint

Given Plaintiffs' resurrection of federal claims, on December 9, 2025, Defendants filed a notice of removal of the **Second Amended Complaint** with the federal court. Dkt. 1. Unfortunately, while filing the Notice of Removal in federal court, Defendants experienced technical difficulties with the system, having to reload the site numerous times.[1] **Exhibit D**. On December 10, 2025, at 3:09 p.m., Plaintiffs' counsel emailed defense counsel regarding the removal to federal court, asserting that her clients had been "intentionally" listed as *pro se* despite Plaintiffs' Counsel being directly referenced in the Notice.[2] **Exhibit B** (Plaintiff's first email after

---

[1] The entire ECF system was down the day following the Defendants filing of the removal. Dkt. 9-6.
[2] Given the respective timing of Defendants' federal filing and Plaintiffs' correspondence regarding the service contacts issue, Plaintiffs either received the Notice of Removal via CM/ECF or the Court sent an e-

2

federal e-filing of Second Removal). Before defense counsel could address Plaintiffs' first email, Plaintiffs' counsel sent a similar email at 3:23 p.m.[3] **Exhibit C** (Plaintiff's second email after federal filing). Within thirty minutes of learning of the technical issues that occurred during the filing of the removal, at 3:37 p.m., Defendants promptly emailed a copy of the federal pleadings to Plaintiffs' counsel. **Exhibit D** (Defense counsel's email copy of federal notice to Plaintiff's counsel).

### C. Plaintiffs' Third Amended Petition

Despite this, Plaintiffs then filed their **Third Amended Petition** in state court at 3:46 p.m. on December 10, 2025, still raising numerous federal claims including a cause of action for fraudulent inducement and breach of contract predicated on AMS's "refusal to comply with 504 and provide accommodations" and a retaliation claim based, in part, on Plaintiffs' Health and Human Services ("HHS") complaint and whistleblower efforts. Dkt. 6, pp. 73-77, ¶¶ 160, 164-65, 173-74. Upon receipt of Plaintiffs' **Third Amended Petition**, Defendants attempted to confer with Plaintiffs' counsel regarding the asserted federal claims, explaining that removal of those references was necessary to avoid federal jurisdiction, and inquired whether Plaintiffs intended to amend the petition. *See* Dkt. 9-7.

Defendants filed the Notice of Removal of the **Second Amended Complaint** with the state court at 4:27 p.m. on December 10, 2025, and Plaintiffs' counsel was notified of its filing via the court's electronic filing system. **Exhibit E**; **Exhibit F** (Notification of Service for Second

---

file notification to Plaintiffs' counsel directly based on the information within Defendants' Certificate of Service in the removal notice.

[3] Although Plaintiffs' communications contain a number of personal attacks and threats against Defendants' counsel (*e.g.*, Plaintiffs' counsel calls defense counsel "reprehensible," accuses defense counsel of "simply bill[ing] unnecessary work," and repeatedly threatens Bar complaints and sanctions), defense counsel will not respond in kind. Defense counsel objects to Plaintiffs' counsel's attacks as irrelevant to the issues before the court, and remains available to respond to Plaintiffs' counsel's words and descriptions should the Court require. Dkt. 9-5; **Exhibit G; Exhibit K; Exhibit B; C**.

3

Removal). Within nineteen minutes of the Notice of Removal's filing in state court, and despite Defendants' explanations and the steps taken to correct the issue identified by Plaintiffs, Plaintiffs' counsel cast additional dispersions regarding the inadvertent designation of Plaintiffs as *pro se* in the federal filing. **Exhibit G**.

    **D.**    **Plaintiff's Fourth Amended Petition**

In addition to serving Plaintiffs' counsel by email with copies of the pleadings, Defendants also mailed the Notice of Removal and all pleadings filed in connection with the second removal via certified mail on December 11, 2025. *See* Dkt. 9-4; Dkt. 9-6; **Exhibit H** (certified mail return receipt). Service was complete upon mailing pursuant to Federal Rule of Civil Procedure 5.[4] On December 11, 2025, Defendants further filed an Amended Certificate of Service of the Notice of Removal in federal court reflecting this service, which was provided to Plaintiffs' counsel. Dkt. 2.

Notwithstanding this notice and service, Plaintiffs filed their **Fourth Amended Petition** in state court on the afternoon of December 11, 2025, continuing to assert, *inter alia*, "AMS breached its contracts with the Ponders by failing to provide 504 services for H.P.," and alleging that AMS retaliated against the Ponders. *See, e.g.*, Dkt. 6, p. 32, ¶¶ 101, 165, 169-170.

    **E.**    **Plaintiffs' Fourth Amended Complaint (Fifth Amendment)**

On December 12, 2025, Plaintiffs' counsel emailed defense counsel regarding Plaintiffs' intent to file a motion seeking leave to file their **Fourth Amended Petition**, previously filed in state court, in the federal proceeding.[5] *See* Dkt. 7-1 (conferral emails). Defense counsel expressly

---

[4] The Court subsequently added Plaintiffs' counsel to CM/ECF and corrected the technical error reflecting Plaintiffs as proceeding pro se at 10:46 a.m. on December 12, 2025. **Exhibit J**.

[5] Notably, Plaintiffs acknowledged in their first Motion for Leave that Plaintiffs must seek leave to file the Fourth Amended Complaint in federal court after filing the Fourth Amended Petition in state court. *See* Dkt. 7, ¶ 5. Now, however, Plaintiffs falsely claim their Fourth Amended Petition was not accepted by the state court when it, in fact, was. *See* Dkt. 10, ¶ 5-6; *see also* **Exhibit I** (File-stamped fourth amended petition).

4

responded that Defendants were "not opposed to [Plaintiffs] filing the *state-court Fourth Amended Petition* in federal court." *Id*. at 1 (emphasis added). However, contrary to the parties' agreement and Plaintiffs' representations to the Court, Plaintiffs filed a new "fifth" amended complaint, erroneously titled as a "**Fourth Amended Complaint**," and mischaracterized the parties' agreement in the factual background of their motion for leave to amend. *See* Dkt. 7. Although Plaintiffs assert that "Defendants have agreed to the Motion to Amended[*sic*] to file the Fourth Amended Complaint," the document they actually filed was a *fifth* amended complaint. Dkt. 7, ¶ 6. Notably, this filing does not correspond to the state-court Fourth Amended Petition that formed the basis of the parties' agreement or as represented to the Court. Defendants subsequently filed their Response in Opposition to Plaintiffs' Motion for Leave. Dkt. 9.

      **F.**      **Plaintiffs' "Fourth/Fifth" Amended Complaint (Sixth Amendment)**

On January 7, 2026, Plaintiffs' counsel emailed Defendants' counsel regarding the filing of another amended motion for leave to file Plaintiffs' proposed **Fourth/Fifth Amended Complaint**, which, in substance, constituted Plaintiffs' *sixth* amended complaint. **Exhibit K** (conferral email). Although defense counsel, noting no substantive changes, requested that Plaintiffs' counsel identify the sentence allegedly removed from the **Fourth Amended Petition**, Plaintiffs' counsel did not respond. *Id*. Instead, Plaintiffs proceeded to file the Amended Motion for Leave containing material misrepresentations in Paragraphs 3, 5, 6, and 7. Dkt. 10. By way of example, in Paragraph 3, Plaintiffs claim that their **Fourth Amended Petition** was filed before the second Notice of Removal. Defendant's Notice of Removal, however, was filed in federal court on December 9, 2025, while Plaintiffs' **Fourth Amended Petition** was filed in the state court on December 11, 2025.

Despite Plaintiffs' assertions to the contrary, and as discussed above, Plaintiffs received notice of the removal on December 10, 2025, as evidenced by Plaintiffs' counsel emailing defense counsel at 3:09 PM, 3:23 p.m., and then for a third time at 4:46 p.m., which was within twenty minutes of Defendants' filing the Notice of Removal in State Court. **Exhibit G.** Defendants also provided Plaintiffs' counsel a copy of the Notice of Removal via email. **Exhibit D**. In addition, Plaintiffs' counsel received the Notice through the state court's electronic filing system immediately upon its filing on December 10, 2025. **Exhibit E**. Further, Defendants mailed the Notice and all related pleadings for the second removal in federal court via certified mail on December 11, 2025. *See* Dkt. 9-4; Dkt. 9-6; **Exhibit H**; FED. R. CIV. P. 5. Finally, Defendants filed an Amended Certificate of Service of the Notice of Removal in federal court on December 11, 2025, a copy of which was immediately emailed and mailed to Plaintiffs. Dkt. 2.

Plaintiffs now contradict themselves, asserting in Paragraphs 5 and 6 of their motion for leave to amend that their "Fourth Amended Petition was never accepted because Defendants has[*sic*] removed the case." Dkt. 10, ¶¶ 5-6. Pursuant to Federal Rule of Civil Procedure 81(c)(1), the Federal Rules govern this action upon removal, and the pleadings filed in state court remain in force. *Id*. Nonetheless, Plaintiffs' **Fourth Amended Petition** was accepted and file-stamped by the state court on December 11, 2025, at 4:21 p.m. **Exhibit I**. Despite knowing that the case had already been removed to federal court, Plaintiffs nonetheless filed their amendment in state court, where leave to amend is *not* required.[6]

---

[6] Plaintiffs allege that "defense counsel states that [factual reference to a request for 504] is confusing and must be removed." Dkt. 10, ¶ 7. In fact, the parties' correspondence demonstrates that defense counsel never made such a statement. Rather, in response to Plaintiffs' assertion that all Section 504 claims had been removed from the Third Amended Complaint filed in state court, defense counsel stated that "courts look to the substance of the allegations over form or labels[, and] [i]f the intent is to completely drop these federal claims from the lawsuit, the body of the petition needs to be amended…" and asked whether Plaintiffs intended to amend their pleading. Dkt. 9-7.

6

**II.    PLAINTIFF'S PROPOSED AMENDMENT IS BROUGHT IN BAD FAITH AND IS FUTILE**

Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings and when leave is necessary to do so. FED. R. CIV. P. 15(a)(2). Rule 15(a)(1) allows a party a single amendment as a matter of course; once that opportunity is exhausted, further amendment is permitted only with leave of court under Rule 15(a)(2). FED. R. CIV. P. 15(a). However, the Supreme Court has instructed that leave to amend should be denied if there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (The Fifth Circuit has consistently applied these principles, holding, *inter alia*, that an amendment is futile if it would fail to state a claim upon which relief can be granted.); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Plaintiffs' repeated filings and continued failure to cure identified deficiencies demonstrate bad faith. After the second notice of removal, Plaintiffs have already filed two amended complaints in the state court. Moreover, the **Fourth Amended Complaint** attached to Plaintiffs' first Motion for Leave filed in federal court differed from the version provided during conferral, and the subsequently filed **Fourth/Fifth Amended Complaint**, which is actually Plaintiff's sixth amended complaint, makes no substantive changes from the **Fourth Amended Complaint** and continues to assert federal claims previously identified in Defendants' special exceptions. Dkt. 6, pp. 818-867; 1050-1120; Dkt. 6, p. 504-533; Dkt. Nos. 7, 9, 10.

A.     **Plaintiffs' Bad Faith and Gamesmanship Support Removal**

The burden of showing that the plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *D&J Investments of Cenla, LLC v. Baker Hudges*, No. 1:23-CV-00508, 2024 WL 268443, *8-10 (W.D. La. Jan. 9, 2024), *r & r adopted sub nom. D&J Investments of Cenla LLC v. Baker Hughes,* No. 1:23-CV-00508, 2024 WL 263952 (W.D. La. Jan. 24, 2024) (finding Plaintiff acted in bad faith to avoid removal to federal court). To determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past* - that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)); *Bryson v. Wells Fargo Bank, N.A.*, Civ. No. 1:16-cv-28, 2016 WL 1305846, *4 (E.D. Tex. Mar. 31, 2016).

"A finding of bad faith requires a 'transparent attempt to circumvent federal jurisdiction.'" *James v. Whitney*, Civ. No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. July 19, 2021) (quoting *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, Civ. No. 18-690, 2018 WL 7625357, *3 (M.D. La. Dec. 21, 2018)). "While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute." *Antie v. McBain*, No. 6:21-cv-01460, 2021 WL 4244554, *2 (W.D. La. Aug. 11, 2021) (citing *Rantz v. Shield Coat, Inc.*, Civ. No. 17-3338, 2017 WL 3188415, *5, (E.D. La. July 26, 2017).

B.     **Plaintiffs' Litigation Conduct Demonstrates Bad Faith to Avoid Federal Jurisdiction**

Here, Plaintiffs have repeatedly acted in bad faith to manipulate removal and remand. After the first removal, Plaintiffs filed their **First Amended Complaint** in federal court on December

18, 2025, but failed to do so in the state court. Dkt. 6, pp. 220–239. Following removal, Plaintiffs resurrected Section 504 claims and federal whistleblower claims in their second, third, and fourth amended petitions/complaints filed in state court. *See* Dkt. 6, pp. 8–37, 51–81, 504–533; Dkt. 9-7. Plaintiffs served discovery on their 504, ADA, and whistleblower claims. These repeated filings and resurrection of federal claims demonstrate Plaintiffs' bad faith and a clear intent to manipulate the procedural process to avoid federal jurisdiction.

### C. Plaintiffs' Discovery Efforts Reveal Intent to Litigate Federal Claims

Plaintiffs' efforts to pursue federal claims extend beyond their pleadings. Their discovery requests demonstrate an intent to litigate claims under Section 504, the ADA, and federal whistleblower statutes, despite the absence of any state-law cause of action for these theories. For example, Plaintiffs' Requests for Admission sought to confirm the designation of a Section 504 and ADA coordinator at AMS. *See* Dkt. 9-9 (RFA No. 49). Although no state law cause of action exists for whistleblower retaliation in this context, Plaintiffs also requested production of "all whistle blower[*sic*] policies in effect at Austin Montessori School, Inc. for the five years prior to the Ponder children's enrollment to present." *See id*. (ROG No. 25).

This litigation effort, combined with Plaintiffs' repeated failure to remove federal claims painstakingly identified in Defendants' Special Exceptions, including those still present in the proposed **Fourth/Fifth (effectively sixth) Amended Complaint**, demonstrates strategic gamesmanship seeking to avoid removal rather than mistake. Dkt. 10. Even though Plaintiffs assert that they do not intend to pursue federal claims, their pleadings continue to reference such claims, and their discovery requests expressly seek information concerning AMS's whistleblower policies, Section 504 services, and the ADA coordinator, further confirming the inconsistent and deliberate

9

nature of their filings. *See* Dkt. 9-9. The Court should therefore deny Plaintiffs' Amended Motion for Leave and strike the Fourth/Fifth Amended Complaint

### D. Plaintiffs' Misrepresentations and Procedural Gamesmanship in Amended Pleadings

As discussed above, Plaintiffs' repeated misrepresentations regarding the timing and acceptance of their amended pleadings, their removal of federal references while continuing to assert federal claims, and their misstatements regarding defense counsel's communications all reflect bad faith. These actions demonstrate an intent to manipulate the procedural process, evade federal jurisdiction, and mislead the Court. Accordingly, granting leave to amend would be futile, unfairly prejudice Defendants, and unnecessarily burden judicial resources.

### E. Plaintiffs' "Fourth/Fifth" Amended Complaint is Futile and Leave Should be Denied

Although Rule 15(a) of the Federal Rules of Civil Procedure generally favors liberal amendment, the Supreme Court has recognized that leave may be denied for futility, undue delay, repeated failure to cure deficiencies, prejudice, or bad faith. *See Foman*, 371 U.S. at 182; *see also Stripling*, 234 F.3d at 873 (amendment is futile if it would fail to state a claim). Plaintiffs cannot evade federal jurisdiction through artful pleading or by omitting federal labels. *See Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855-2856, 77 L.Ed.2d 420 (1983); *Waste Control Specialists, L.L.C. v. Envirocare of Tex., Inc.*, 199 F.3d 781, 784 (5th Cir. 2000).

Plaintiffs' claims in the proposed **Fourth/Fifth Amended Complaint** remain futile for the reasons extensively outlined in Defendants' state-court special exceptions, Defendants' prior motion to dismiss in the earlier removal actions, and Defendants' response to Plaintiffs' first Motion for Leave. Dkt. 6, pp. 427–497 (Defendants' Special Exceptions), adopted and incorporated by reference as if fully set forth herein; Dkt. 9 (Defendants' Response in Opposition

10

to Plaintiffs Fourth Amended Complaint) adopted and incorporated by reference; Dkt. 9-2 (Defendants' Motion to Dismiss in the prior federal action), likewise adopted and incorporated by reference for all purposes. Because all claims asserted in the proposed **Fourth/Fifth Amended Complaint** remain legally deficient, leave to amend should be denied on this basis alone. Moreover, the proposed **Fourth/Fifth Amended Complaint** (Dkt. 10) contains no substantive changes from the **Fourth Amended Complaint** (Dkt. 7), for which Plaintiffs previously sought leave and to which Defendants objected, and Plaintiffs therefore cannot demonstrate good cause for amendment. Dkt. Nos. 7, 10. Plaintiffs' repeated amendments instead reflect gamesmanship designed to avoid removal while continuing to preserve federal claims in state court.

Even if the Court were inclined to consider the proposed **Fourth/Fifth Amended Complaint**, leave should nevertheless be denied because the amendment is futile, pursued in bad faith, would cause undue delay and prejudice, reflects repeated failures to cure identified deficiencies, and would unnecessarily waste judicial resources. For example, Plaintiffs assert a claim for "retaliation" without identifying any statutory basis. Dkt. 7-2, Count 11. Retaliation is not a common-law cause of action and exists only when created by statute. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173–74, 125 S. Ct. 1497, 1503–04, 161 L. Ed. 2d 361 (2005). Texas law recognizes no parental retaliation or whistleblower claim against a private daycare under these circumstances. The only conceivable sources for such a claim would be federal civil rights statutes, such as Section 504 of the Rehabilitation Act or the ADA. Likewise, Plaintiffs' whistleblower/retaliation and Monell-type claims arise exclusively under federal law and are premised on reports to HHS; no state-law cause of action exists under this theory. *See Jackson*, 544 U.S. at 173–74. To the extent Plaintiffs attempt to characterize their HHS complaint as protected activity, no state statute confers a private right of action for retaliation based on such

reporting by non-employees. Accordingly, even if leave were granted, this action would remain removable under 28 U.S.C. § 1331, and the claims would remain futile.

### III.   CONCLUSION

Given Plaintiffs' repeated misrepresentations, procedural gamesmanship, and multiple prior opportunities to amend, there is no basis to permit a sixth amendment. Plaintiffs' failure to cure deficiencies and their bad-faith filing of misleading Motions for Leave demonstrate attempts to evade federal jurisdiction, causing unnecessary delay, expense, and prejudice to Defendants. The Court must deny Plaintiffs' Second Motion for Leave, strike the Fourth/Fifth Amended Complaint, and maintain jurisdiction over this case.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone:   512-840-0022
Facsimile:     210-538-5384

By: */s/ Elizabeth Angelone*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eangelone@slh-law.com
RANDEE HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing the same through the Court's CM/ECF system, which will send notification of such filing to all registered CM/ECF users as follows:

Amy C. Welborn
WELBORN LAW LLC
8712 Mesa Suite B206
Austin, Texas 78759
amy@welborn-law.com

                                                      */s/ Elizabeth Angelone*