UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, INDIVIDUALLY, AND AS NEXT FRIEND OF H.P., L.P., and R.P., MINORS,<br>    *Plaintiffs,*<br><br>v.<br><br>AUSTIN MONTESSORI SCHOOL, INC.; RONALD GRAE BAKER, INDIVIDUALLY; and JINNY GONZALEZ, INDIVIDUALLY,<br>    *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |

**DEFENDANTS' MOTION TO STRIKE IMPROPER LITIGATION HOLD LETTER
AND FOR PROTECTIVE ORDER**

Defendants Austin Montessori School, Inc. ("AMS"), Ronald Grae Baker, individually, and Jinny Gonzalez, individually (collectively, "Defendants"), respectfully move this Court, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3)**,** for an order striking the improper litigation hold letter sent by Plaintiffs to non-party parents of AMS, issuing a protective order barring further improper communications, prohibiting any use of information obtained as a result of that letter, and for further relief. In support, Defendants show the Court as follows:

**I.     RELEVANT BACKGROUND**

Defendants filed this removal action on December 9, 2025. Dkt. 1. On November 9, 2026, the Court issued its Docket Control Order (DCO) directing the parties to file a joint proposed scheduling order and discovery plan on or before February 7, 2026. Dkt. 11. Despite this, on or about January 15, 2026, Plaintiffs' counsel sent a pre-litigation hold letter to numerous parents of Defendant Austin Montessori School, who are not parties to this action, along with a copy of Plaintiffs' proposed Fourth/Fifth Amended Complaint. *See, e.g.*, attached **Exhibits A** (sample email from Plaintiffs to AMS parent), **B** (sample litigation hold letter attached to the emails to

1

parents), and **C** (Plaintiffs' proposed Fourth/Fifth Amended Complaint attached to the litigation hold emails sent to the parents); *see also* Dkt. 10.

The letter was sent after litigation commenced but before a Rule 26(f) conference and without a subpoena, but it included mandatory language implying that the non-party parents were legally required to comply. Ex. B. The letter demanded that the non-party parents preserve broad categories of documents and electronically stored information, including personal communications; discussions regarding medical treatment, diagnoses, or professional practices of school staff; emails, text messages, social media posts, and hard copy documents relating to the school or its personnel; and any other information "related to the topics listed above or that may be relevant to the case." *Id*.

Because this action had already been filed, and Plaintiffs have access to proper discovery channels through the Federal Rules, including issuance of a non-party subpoena following the Rule 26 conference, this letter cannot be justified as a notice of anticipated litigation but is more akin to an overly broad, unduly burdensome, harassing, and abusive, non-party subpoena. Moreover, the inclusion of the proposed Fourth/Fifth Amended Complaint further demonstrates that the communication and attachments were intended to harass non-party parents and embarrass AMS, rather than provide legitimate "pre-suit" preservation guidance.

    **A.**    **Non-parties Have No Independent Duty to Preserve Information Absent a Subpoena or a Special Relationship**

There can be no legitimate purpose for sending these letters to non-parties. A non-party's obligation to preserve evidence arises only upon proper service of a subpoena or court order, and cannot be imposed unilaterally by opposing counsel in a post-litigation preservation hold letter. A preservation duty may attach to a non-party only in limited circumstances, such as the existence of a special relationship with a party or a voluntary agreement to preserve relevant evidence. *See*

*Andra Group, LP v. JDA Software Group, Inc.*, No. 3:15-MC-11-K-BN, 2015 WL 12731762, at *15 (N.D. Tex. Dec. 9, 2015) ("Absent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party.") (internal quotation marks omitted). However, the Federal Rules do not permit a party to impose preservation obligations on a non-party at will, much less following the filing of a suit, and before the Rule 26 conference is held and a discovery control plan has been entered.

### B.  A Court May Issue Protective Orders to Prevent Harassment or Undue Burden

Federal Rule of Civil Procedure 26(c) authorizes protective orders to shield persons from "annoyance, embarrassment, oppression, or undue burden or expense" when a party attempts to extract evidence or compliance outside the Federal Rules framework. FED. R. CIV. P. 26(c). Here, Plaintiffs sent the letter without a subpoena, before a Rule 26(f) conference, and before any scheduling order governing discovery was issued. Non-party parents, therefore, have no duty under Rule 45 or the Federal Rules to preserve evidence, and there can be no other purpose to sending this grossly overbroad and sweeping pre-litigation "preservation" letter and a proposed complaint to AMS non-party parents but for annoyance, embarrassment, harassment, oppression, or undue burden and expense.

Plaintiffs' communications directed to non-parties go beyond neutral preservation requests and instead attempt to coerce discovery or pressure individuals into compliance. Here, the letter demonstrates precisely that kind of overreach using mandatory language, telling AMS non-party parents they "are required to immediately preserve" documents and electronically stored information; it demands broad categories of personal and sensitive communications; and it is sent

3

to private individuals with no subpoena or court order in place. Ex. A, B. The inclusion of Plaintiffs' own proposed complaints further demonstrates that the purpose of the letter is not merely preservation, but to burden, intimidate, and harass non-parties and the school.

Plaintiffs' conduct exceeds the bounds of permissible litigation practice, circumvents the procedural safeguards of the Federal Rules, and improperly imposes burdens on private individuals, warranting the exercise of the Court's inherent authority. *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990), aff'd sub nom. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993). Here, Plaintiffs sent a litigation-hold letter to non-party AMS parents, attaching the proposed Fourth/Fifth Amended Complaint, after filing suit but before the Court entered a scheduling order or discovery control order. This timing confirms the letter was not part of any authorized discovery process under the Federal Rules, but rather an attempt to harass non-parties and Defendants and to bypass this Court's authority to regulate discovery and protect non-parties from undue burden. Such conduct warrants the use of this Court's inherent power, including an award of Defendants' attorneys' fees and costs.

**II.     CONCLUSION**

WHEREFORE, Defendant respectfully requests the Court:

1. Strike the litigation hold letter sent to non-party parents by Plaintiffs;
2. Enter a protective order prohibiting further communications with non-parties regarding preservation or discovery outside the Federal Rules or this Court's orders;
3. Restrict any use of information obtained as a result of the improper litigation hold letter, including any information derived from it;
4. Find that Plaintiffs acted in bad faith, triggering the Court's inherent authority to consider dismissal of their causes of action with prejudice and/or order monetary sanctions;

5. Allow Defendants to seek their attorneys' fees and costs related to this motion by a date certain; and

6. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted

        **SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
        Travis Building
        9011 Mountain Ridge Dr., Suite 210
        Austin, Texas 78759
        Telephone: 512-840-0022
        Facsimile: 210-538-5384

        By: */s/ Elizabeth Angelone*
        ELIZABETH ANGELONE
        State Bar No. 24077349
        Email: eangelone@slh-law.com
        RANDEE HOBBS
        State Bar No. 24131772
        Email: rhobbs@slh-law.com

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on January 16, 2026, I conferred with counsel for Plaintiffs concerning this Motion, and counsel indicated that Plaintiffs are opposed to its filing.

        */s/ Elizabeth Angelone*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing the same through the Court's CM/ECF system, which will send notification of such filing to all registered CM/ECF users as follows:

    Amy C. Welborn
    amy@welborn-law.com

        */s/ Elizabeth Angelone*