UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § <br> INDIVIDUALLY, AND AS NEXT FRIEND § <br> OF H.P., L.P., and R.P., MINORS, § <br>     *Plaintiffs,* § <br> § <br> v. § <br> § <br> AUSTIN MONTESSORI SCHOOL, INC.; § <br> RONALD GRAE BAKER, INDIVIDUALLY; § <br> and JINNY GONZALEZ, INDIVIDUALLY, § <br>     *Defendants.* § | CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND**

Defendants Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually (collectively "Defendants") in the above case files this Motion to Strike Plaintiff's Jury Demand, and in support, show the Court as follows:

1. On March 28, 2025, Plaintiffs filed their Original Petition and demanded a jury trial, to which Defendants object. Dkt. 6 ¶ 150. Since that filing, Plaintiffs have filed multiple amended complaints and motions for leave to amend, many of which remain pending, and each continues to assert a demand for a jury trial. *See, e.g.*, Dkt. Nos. 6, p. 504-533 ¶ 180 (Sec. Amend. Compl.); *id*., pp. 51-80, ¶ 178 (Third Amend. Pet); *id*. pp. 8-36, ¶ 178 (proposed Fourth Amend. Pet.); Dkt. 7-2, ¶ 178 (proposed Fourth Amend. Compl.); Dkt. 10-3, ¶ 172 (proposed Fourth/Fifth Amend. Compl.).

2. Plaintiffs, however, have waived their right to a jury trial by signing the 2024 Enrollment Agreement (the "Contract"), which included a waiver of the right to a jury trial. A true and correct copy of the *Enrollment Agreement* executed by the plaintiffs is attached as **Exhibit A**

1

and is incorporated by reference for all purposes. Under Paragraph 12 of the parties' Contract, by signing the agreement, Plaintiffs explicitly agreed as follows:

> **12.•Governing Law/Disputes/Waiver of Jury Trial:** This Contract shall be governed under the laws of the State of Texas. In the event of a dispute regarding the terms of this Agreement or Student's enrollment at the School, the parties agree to first try to resolve such dispute informally through non-binding mediation. The costs of mediation shall be equally borne between the parties. In the event of litigation, the venue or any action hereunder shall lie exclusively within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal Jurisdiction and expressly waive all right to trial by jury.

Ex. A, ¶ 12.

3.      It is well established that a waiver of trial by jury is enforceable in Texas when the waiver is made voluntarily, knowingly, and intelligently, with full awareness of the legal consequences. *See, e.g., In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) (noting nearly every state has held that parties may agree to waive their right to a trial by jury in certain disputes). In this case, the contractual provision regarding jury waiver was in conspicuous, legible, bold text, in a six-line paragraph within a four-page document signed on January 17, 2024. Ex. A. A jury waiver clause is enforceable even if the party seeking avoidance has alleged that agreement to other aspects of the contract was fraudulently induced. *Id.* at 134–35.

4.      Courts presume that the party who signs a contract knows its contents. *Hill v. Keliher*, No. 01-20-00419-CV, 2022 WL 3031620, at *16 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (citing *In re Bank of Am., N.A.*, 278 S.W.3d 342, 344 (Tex. 2009). By virtue of that signature, Plaintiffs declared their voluntary, knowing, and intelligent consent to the contents of the agreement, and were fully aware of their actions and the consequences resulting from those actions. Therefore, the waiver in the parties' Contract is itself *prima facie* evidence of Plaintiffs' knowing and voluntary consent to the waiver. *See, e.g., In re McKinney,* 167 S.W.3d 833, 835

(2005) (observing the court determines the parties' intentions by looking at the contract). Accordingly, Plaintiffs have waived their right to a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually, respectfully request that the Court:

    A.    Strike Plaintiffs' Jury Demand in its entirety;

    B.    Declare that Plaintiffs have waived their right to a jury trial pursuant to the terms of the 2024 Enrollment Agreement; and

    C.    Grant Defendants such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile: 210-538-5384

By: */s/ Elizabeth Angelone*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eanglone@slh-law.com
RANDEE HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com
ATTORNEYS FOR DEFENDANTS

3

## **CERTIFICATE OF CONFERENCE**

  I certify that from November 3, 2025, through November 5, 2025, I conferred with Amy Welborn, counsel for Plaintiffs, regarding Defendants' Motion to Strike Plaintiffs' Jury Demand. At that time, Plaintiffs stated that they were willing to withdraw their jury demand. However, Plaintiffs continued to file amendments and proposed amendments to their pleadings, still demanding a jury trial. Consequently, on January 16, 2026, and January 22, 2026, I again attempted to confer with Ms. Welborn regarding this motion, but these efforts were unsuccessful. On January 23, 2026, Ms. Welborn indicated that Plaintiffs agreed to the jury waiver in the parties' contract and to the relief requested. I subsequently attempted to confer with Ms. Welborn on January 26, 2026, specifically regarding opposition to the defendants' motion to strike Plaintiffs' jury demand, as opposed to the relief requested, to no avail.

<i>/s/Elizabeth Angelone</i>

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Plaintiffs, namely:

  Amy C. Welborn
  WELBORN LAW LLC
  1100 West Ave.,
  Austin, Texas 78701
  amy@welborn-law.com

<i>/s/Elizabeth Angelone</i>