UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, INDIVIDUALLY, AND AS NEXT FRIEND OF H.P., L.P., and R.P., MINORS,<br>　　*Plaintiffs,*<br><br>v.<br><br>AUSTIN MONTESSORI SCHOOL, INC.;<br>RONALD GRAE BAKER, INDIVIDUALLY;<br>and JINNY GONZALEZ, INDIVIDUALLY,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 1:25-cv-02020-ADA-SH<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COME NOW, Austin Montessori School, Inc., Ronald Grae Baker, Individually, and Jinny Gonzalez, Individually (collectively "Defendants"), who file their Response in Opposition to Plaintiffs' Motion to Remand and show the Court the following:

**I.　INTRODUCTION**

Plaintiffs' motion for remand is both premature and improper. Remand is premature because the Court has not yet ruled on Plaintiffs' Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint (Dkt. 10), which is the pleading they seek to remand and to which Defendants oppose.[1] Dkt. 12. Regardless of which of Plaintiffs' many petitions or complaints is the operative pleading, and even if the Court grants Plaintiffs leave to file their Fourth/Fifth Amended Complaint, which Defendants oppose (Dkt. 12), Texas provides no cause of action for retaliation

---

[1] Plaintiffs' also assert they seek remand based on their Third Amended Petition filed in state court on December 10, 2025. Dkt. 16 ¶ 10. Plaintiffs also state they seek leave in this court to file a Fourth/Fifth Amended Complaint (the sixth amendment) which purportedly removes any "reference" to Section 504, (*id*. at ¶11), but Plaintiffs' make no reference to the Fourth Amended Petition filed in state court on December 11, 2025, or to their motion for leave to file their proposed Fourth Amended Complaint, which was not agreed to and is in reality, Plaintiffs' fifth amended complaint (Dkt. 7), (which is actually the fifth) Amended Complaint filed in federal court.

1

under the circumstances alleged, and Plaintiffs cite no state statute, regulation, or other authority supporting such a state claim in any proposed amendment because none exists. Dkt. Nos. 10-3; 15 pp. 5-6, ¶¶ 1-14. While Plaintiffs' Motion for Leave also asserts their retaliation claim arises under state law, without citation or reference to any state statute, any alleged retaliation claim arising from protected activity, such as filing a complaint with HHS based on disability, exists, if at all, only under federal law, including Section 504 of the Rehabilitation Act or applicable federal whistleblower statutes. Dkt. 10-3, ¶ 101 (stating "[c]learly the actions referred to are the filing of the HHS complaint, advocating for disability accommodations . . . [t]he termination of the remaining Ponder children was retaliation"); *see also id.*, Count 11, Section J, ¶¶ 166-168 ("Defendants retaliated for the filing of a complaint with the HHS by threatening and later actually expelling the Ponder children."); Dkt. 16, pp. 5-6, ¶¶ 13-14.

Plaintiffs cannot, however, avoid federal jurisdiction through artful pleading by omitting specific references to federal law while continuing to assert claims that exist solely under federal law, as is the case here. *See, e.g.*, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 240 (1983). Consequently, Plaintiffs' Motion to Remand must be denied.

II.   **RELEVANT PROCEDURAL BACKGROUND**

   A.   **The First Removal Action**

This action was originally filed on March 28, 2025, in the 345th Judicial District Court of Travis County, Texas, and assigned Cause Number D-1-GN-25-002212. Dkt. 6, pp. 777-801. Plaintiffs' Original Petition raised numerous claims, including Section 504 and the Americans with Disabilities Act ("ADA") claims. Dkt. 6, pp. 777-801. On April 24, 2025, Defendants filed their

notice of removal to federal court based on federal question jurisdiction. *See* Dkt. 9-1. Shortly thereafter, on April 30, 2025, Defendants filed their Rule 12(b)(6) Motion to Dismiss Plaintiffs' Original Petition. *See* Dkt. 9-2. Plaintiffs responded in opposition to the Motion on May 5, 2025. Dkt. 6, pp. 645-657.

On June 11, 2025, Plaintiffs filed their First Amended Complaint. Dkt. 6, pp. 468-492. Plaintiffs then filed their motion to remand the case back to federal court. Dkt. 6, pp. 659-698. Based on assurances from Plaintiffs' counsel that no federal claims would be pursued, Defendants agreed to the remand. On July 14, 2025, the Report and Recommendation was issued, the Court adopted the recommendations, and the case was remanded to the state court. Dkt. 6, pp. 494-496. The state court was notified of the remand on August 7, 2025. *See* Dkt. 9-3.

**B.      Defendants' State Court Special Exceptions**

However, after remand, Plaintiffs did not file any amended complaint or petition in state court. On September 17, 2025, Defendants filed Special Exceptions to Plaintiffs' First Amended Complaint, which was the last amended complaint filed and addressed, specially excepting to, among other things, the inclusion of federal claims. Dkt. 6, pp. 818–867. In an abundance of caution, on November 4, 2025, Defendants filed their State Court Answer and Special Exceptions to Plaintiffs' Original Complaint, as Plaintiffs had not filed either their First Amended Complaint previously filed in federal court or any other amended petition in state court; this filing also specially excepted to, among other things, Plaintiffs' federal claims. *Id*., pp. 1050–1120.

On November 10, 2025, Plaintiffs filed their Second Amended Complaint in state court, realleging, among other things, fraudulent inducement and breach of contract predicated on an

3

alleged failure to provide Section 504 accommodations and for retaliation.[2] *See* Dkt. 6, pp. 504-533 (asserting a cause of action for violations of Section 504 and alleging that AMS denied H.P. services and otherwise discriminated against H.P. based on his disability). While Plaintiffs claim their Second Amended Petition "inadvertently" included Section 504 claims (Dkt. 16, pp. 4, ¶ 5), the very next day, on November 12, 2025, Plaintiffs not-so-inadvertently served Defendant AMS with 40 Requests for Production and 106 Requests for Admissions seeking, *inter alia*, information concerning AMS's whistleblower policies, Section 504 services, and information regarding AMS's ADA coordinator.[3] Dkt. 9-9.

    **C.**    **Second Removal**

On December 9, 2025, Defendants removed the Second Amended Complaint to federal court based on federal questions jurisdiction. Dkt. 1. The next day, Plaintiffs filed their Third Amended Petition in state court, which continued to raise numerous federal claims including a cause of action for fraudulent inducement and breach of contract predicated on AMS's "breached its contracts with the Ponders by failing to provide 504 services for H.P" and a retaliation claim based, in part, on Plaintiffs' Health and Human Services ("HHS") complaint based on disability and whistleblower efforts.[4] *Supra,* n. 2; *see also* Dkt. 6, pp. 73-77, ¶¶ 160, 164-65, 173-74.

---

[2] While Defendants agreed to remand the case back to state court, the agreement was predicated on removal of federal claims. Plaintiff's Second Amended Complaint re-urged federal claims and removal was proper.

[3] Plaintiffs Third and Fourth Amended petitions, subsequently filed in state court, continued to assert, "[c]learly the actions referred to are the filing of the ***HHS complaint, advocating for disability accommodations*** [and] **[t]he termination of the remaining Ponder children was retaliation**" and "AMS breached its contracts with the Ponders by *failing to provide 504 services for H.P*…" Dkt. 6, pp.66, ¶¶ 101, 165 (Third Amended Petition) (emphasis added).

[4] Plaintiffs incorrectly assert their Third Amended Petition was filed prior to removal; this is incorrect as the removal was filed on December 9, 2025. Dkt. 1. Plaintiffs Third Amended Complaint was filed in state court on December 10, 2025.

4

Likewise, Plaintiffs' Fourth Amended Petition, also filed in state court on December 11, 2026, (*id*; Dkt. 6, pp. 8-37) continued to alleged, "AMS breached its contracts with the Ponders by failing to provide 504 services for H.P." and "[c]learly the actions referred to are the filing of the HHS complaint, advocating for disability accommodations, … and [t]he termination of the remaining Ponder children was retaliation. Dkt. 6, pp. 23, ¶¶ 101, 164-165.

### D.     Plaintiffs' Motions for Leave to File Amended Complaints in Federal Court

Plaintiffs then, on December 22, 2025, filed what they represented to be an agreed motion for leave to file a "Fourth Amended Complaint," which was actually their fifth proposed amendment, to which Defendants filed their opposition and clarified Plaintiffs' misrepresentations. *See* Dkt. 7, 12, each adopted and incorporated by reference as if set forth more fully herein.

Before the Court ruled on that motion, Plaintiffs filed their Amended Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint, which is actually the sixth amended complaint, removing the word "504" but still asserting retaliation claims, which can only be brought under Section 504 or the Federal Whistleblower act given that no state law provides for state retaliation claims in this context. Dkt. 10-3, ¶ 164 ("[c]learly the actions referred to are the filing of the HHS complaint, advocating for disability accommodations, … and [t]he termination of the remaining Ponder children was retaliation); *id*., Count 11, ¶¶ 166-168 ("Defendants retaliated for the filing of a complaint with the HHS by threatening and later actually expelling the Ponder children."). The Court has not ruled on this motion.

### III.    ARTFUL PLEADING DOES NOT DEFEAT FEDERAL JURISDICTION WHERE CLAIMS EXIST SOLELY UNDER FEDERAL LAW

Texas does not recognize a standalone retaliation cause of action in this context, and Plaintiffs cite no state statute, regulation, or other authority supporting such a claim, because none exists. Any alleged retaliation arising from protected activity, including advocating for disability

accommodations by filing a complaint with HHS, exists, if at all, only under federal law, including Section 504 of the Rehabilitation Act or applicable federal whistleblower statutes. Accordingly, Plaintiffs cannot defeat federal jurisdiction through artful pleading by omitting references to federal law while continuing to assert claims that exist solely under federal law. *See Rivet*, 522 U.S. at 475; *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22.

Plaintiffs' litigation conduct further confirms federal jurisdiction. While Plaintiffs claim that asserting disability-based claims in their complaint was an error, they continue to plead disability-based retaliation and have served discovery on the matter (*see* Dkt.9-9), demonstrating ongoing litigation of federal claims. They have amended their complaint multiple times, most recently a "Fourth/Fifth Amended Complaint," their sixth proposed amendment. Dkt. 10-3. While the most recent version removed any express reference to Section 504, it continues to assert retaliation claims that have no viable basis under state law and may exist only under federal law. *Id*., ¶167 ("Defendants retaliated for the filing of a complaint with the HHS by threatening and later actually expelling the Ponder children.'"); ¶101 ("[c]learly the actions referred to are the filing of the HHS complaint, advocating for disability accommodations, and …[t] The termination of the remaining Ponder children was retaliation."

However, under the artful-pleading doctrine, claims that necessarily arise under federal law cannot be transformed into state claims merely by omitting statutory references. *See Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.), opinion withdrawn and superseded in part on reh'g, 207 F.3d 225 (5th Cir. 2000). Plaintiffs' "artful" labeling does not eliminate the federal questions embedded in their retaliation allegations and remand must be

denied. Under these circumstances, federal jurisdiction remains present on the face of any and all of Plaintiffs' pleadings, and remand would be improper.

To the extent Plaintiffs attempt to base their retaliation claim on a state-law negligence per se theory under Title 26, Texas Administrative Code, Chapter 746, such an argument does not support remand. Chapter 746 establishes minimum standards for child-care centers but does not create a private cause of action, and Plaintiffs cite no statute or regulation granting one. Reliance on administrative rules that provide no private enforcement mechanism cannot transform a federal retaliation claim into a state-law claim. *Coyoy v. CoreCivic, Inc.*, No. SA-19-CA-00916-FB, 2022 WL 18034487, at *7, *9 (W.D. Tex. Oct. 11, 2022) (citing cases). Accordingly, removal is proper, and remand is both legally unsupported and premature.

### IV. THE FORUM SELECTION CLAUSE DOES NOT BAR REMOVAL OR REQUIRE REMAND

Plaintiff argues that a contractual forum-selection clause bars removal, but the clause merely specifies a geographic location and does not affect a clear and unequivocal waiver of the right to remove. Dkt. 16, C. The contractual clause provides:

> In the event of litigation, the venue of any action hereunder shall lie exclusively within the **Circuit Court of Travis County, Texas**, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury.

Dkt. 15-1, p. 4, ¶ 12 (emphasis added).

When a forum-selection clause refers to venue "of" or "within" a named county, waiver analysis turns on whether the clause excludes federal courts located in that county. *See* David S. Coale et al., *Contractual Waiver of the Right to Remove to Federal Court: How Policy Judgments Guide Contract Interpretation*, 29 Rev. Litig. 327, 348 (2010). Where a federal courthouse sits in the specified county, as is the case here, the Fifth Circuit has held that a clause designating venue in that county permits venue in either state or federal court. *All. Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) ("Accordingly, the clause at hand,

7

providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."). Removal is proper because the clause's use of the term "within" denotes geographic location rather than jurisdiction, and there is no dispute that this Court sits within Travis County. Dkt. 15-1, p. 4, ¶ 12.

### A. Plaintiff's Reliance on *Grand View* is Misplaced

In *Grand View*, the Fifth Circuit addressed a clause granting jurisdiction to the "courts of Texas," which the court held refers exclusively to Texas state courts. *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017). However, ambiguity precludes any finding of waiver as a forum-selection clause must explicitly waive the right to remove to federal court to be effective.[5] *Grand View*, 847 F.3d at 258; *Mosing v. Zloop, Inc.*, No. CIV.A. H-15-136, 2015 WL 1841212, at *1 (S.D. Tex. Apr. 22, 2015). The forum-selection clause here does not grant jurisdiction to the courts "of" Texas, does not identify any Texas state court, and therefore it falls outside *Grand View*'s holding, contrary to Plaintiffs' assertion. Dkt. 16, p. 5. Because there is no unequivocal waiver of the right to remove, federal jurisdiction is not barred.

The clause at issue here references the "Circuit Court of Travis County" and is ambiguous because no such court exists under Texas law, where trial courts are designated as district or county courts. At the same time, the term "circuit court" commonly refers to federal courts, making the intended forum uncertain. Because the clause is reasonably susceptible to multiple interpretations, it cannot constitute a clear, unequivocal waiver of removal, and removal is proper.

---

[5] Under Texas law, contractual language is ambiguous if it is "reasonably susceptible to more than one meaning." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

### B.     Plaintiffs Mischaracterize the Court's Holding in *Lamar Cnty Elec. Coop*

Plaintiffs also mischaracterize the Fifth Circuit's holding in *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.,* No. 4:20-CV-930, 2021 WL 1061188, at *1 (E.D. Tex. Mar. 19, 2021), *aff'd*, No. 21-40292, 2022 WL 476086, n.2 (5th Cir. Feb. 16, 2022) and rely on superseded and non-precedential cases to support their forum-selection argument. Dkt. 16, p. 8, ¶17. In 2022, the Fifth Circuit drew a clear distinction between language selecting a specific court and language identifying a general location. *Lamar Cnty. Elec. Coop. Ass'n*, 2021 WL 1061188 at *9 ("[T]he word 'in' within the context of forum-selection clauses normally signifies 'an intent to select the state and the federal courts' in a specific geographic area."). In other words, a clause designating actions to occur "within" a county does not exclude federal jurisdiction unless it does so clearly and unequivocally. *Id*. Accordingly, the forum-selection clause here merely identifies a geographic venue within Travis County. It does not expressly exclude federal courts, does not identify a specific Texas state court, and does not contain a clear and unequivocal waiver of the right to remove. Because this Court sits within Travis County and the clause does not prohibit federal jurisdiction, removal is proper.

Plaintiffs' Motion to Remand lacks merit. Their claims can only arise under federal law, including Section 504 of the Rehabilitation Act and/or federal whistleblower statutes, and cannot be artfully recast as state-law claims because Texas law provides no private right of action for such retaliation or disability-based claims, including under Title 26, Texas Administrative Code, Chapter 746. Plaintiffs' disability-based retaliation claims exist exclusively under federal law, and no state-law remedy is available. Therefore, removal is proper. Further, the forum-selection clause does not bar removal. As the Fifth Circuit made clear in *Lamar*, *supra*, a clause specifying actions "within" a county denotes geographic venue and does not exclude federal courts absent a clear and

9

unequivocal waiver. Here, the clause identifies Travis County, where this Court sits, and contains no unequivocal waiver of removal; therefore, removal is proper. Plaintiffs' reliance on *Grand View* is inapposite, as that case involved jurisdiction granted to the "courts of Texas." Here, however, the reference to the "Circuit Court of Travis County" is ambiguous, as no such court exists under Texas law, and "Circuit Court" is typically associated with the federal judiciary; because this Federal Court sits in Travis County, and because there is no clear and unequivocal waiver, the clause cannot serve as a bar to removal. Accordingly, federal jurisdiction is proper, and Plaintiffs' motion must be denied.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile:  210-538-5384

By: */s/ Elizabeth Angelone*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eangelone@slh-law.com
RANDEE HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing the same through the Court's CM/ECF system, which will send notification of such filing to all registered CM/ECF users as follows:

Amy C. Welborn
WELBORN LAW LLC
8712 Mesa Suite B206
Austin, Texas 78759
amy@welborn-law.com

<i><u>/s/ Elizabeth Angelone</u></i>