UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, INDIVIDUALLY, AND AS NEXT FRIEND OF H.P., L.P., and R.P., MINORS, *Plaintiffs*, <br><br> v. <br><br> AUSTIN MONTESSORI SCHOOL, INC.; RONALD GRAE BAKER, INDIVIDUALLY; and JINNY GONZALEZ, INDIVIDUALLY, *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial in this matter:

| **Plaintiffs' Proposed Date** | **Defendants' Proposed Date** | **Event** |
|---|---|---|
| Day following entry of this order | Day following entry of this order | Discovery commences on all issues. |
| March 2, 2026 | March 2, 2026 | Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" |
| Added by Plaintiffs: March 10, 2026 | Defendant note that the parties participated in mediation on October 9, 2025 and we unsuccessful in resolving this matter. | Added by Plaintiffs: <br><br> A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed before March 10, 2026. |

| | | |
|---|---|---|
| May 25, 2026 (Note- The additional time is needed to identify persons not disclosed by Plaintiffs. Given theTexas Attorney General's recent opinion (OR2026-004413) authorizing the release of HHS investigation records, Plaintiffs intend to promptly request and review these documents. Consequently, Plaintiffs respectfully request additional time to join necessary parties and finalize their pleadings based on this newly available information.) | March 23, 2026 | The deadline for All motions to amend pleadings or to add parties shall be filed on or before this date. |
| July 15, 2026 | July 15, 2026 | Fact Discovery Deadline. Any discovery requests must be propounded so that the responses are due by this date. The Parties propose the following per-side limits:<br><br>**Plaintiffs' propose, per party**:<br>Interrogatories: 25 to each party<br>Requests for Production (RFPs): 50 to each party<br>Request for Admission (RFAs): 110 to each party<br>Depositions: 15 (this does not include written depositions on written questions)<br><br>**Defendants' propose, per side:**<br>Interrogatories: 25 per side<br>Requests for Production (RFPs): 50 per side<br>Requests for Admission (RFAs): 110 per side<br>Depositions: 25 (including depositions upon written questions served on parties and third parties) per side. |

| | | |
|---|---|---|
| July 22, 2026 | July 22, 2026 | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
| August 19, 2026 | August 19, 2026 | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| August 5, 2026 | August 5, 2026 | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
| September 18, 2026 | September 18, 2026 | Plaintiff: Parties resisting claims for relief to designate expert witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B)<br><br>Defendants: Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| 45 days from receipt of report of opposing expert | | Added by Plaintiffs:<br><br>Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| October 19, 2026 | October 19, 2026 | Expert Discovery Deadline. Expert discovery must be completed by this date. |

| | | |
|---|---|---|
| 14 days of receipt of the written report or deposition, whichever is later | 14 days of receipt of the written report or deposition, whichever is later | Any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.** |
| November 2, 2026 | November 2, 2026 | All dispositive motions shall be filed and served on all other parties on or before this date and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. **The dispositive motion deadline must be at least 4 months before trial.** |
| January 6, 2027 | January 6, 2027 | By this date the parties shall meet and confer to determine pre-trial deadlines, including, *inter alia*, exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |
| January 13, 2027 | January 13, 2027 (pending the motion to strike Plaintiffs' jury demand) | By this date the parties shall exchange a proposed jury charge and questions for the jury. By this date the parties will also exchange draft Motions in Limine to determine which may be agreed.<br><br>**Defendants**:<br>Defendants have filed a motion to strike Plaintiffs' jury demand. |

| | | |
|---|---|---|
| January 20, 2027 | January 20, 2027 (pending the motion to strike Plaintiffs' jury demand) | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. |
| February 3, 2027 | February 3, 2027 | By this date, the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trail schedule provision, and all other pertinent information. By this date, the parties will also submit to the Court their opposition to the Motions in Limine. |
| | | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. This date should be a **Friday** not less than 90 days after the dispositive motion deadline and 2 months before trial. |
| Plaintiffs contend that jurisdiction is proper in Travis County, Texas, pursuant to the mandatory forum selection clause in the parties' contract. Should the Court find the contractual venue provisions inapplicable, Plaintiffs hereby request a trial by jury. | Defendant states that this case should be a bench trial. | Jury Selection shall begin at 9:00 a.m. on this date during the week before trial. |

| Plaintiffs contend that jurisdiction is proper in Travis County, Texas, District Court pursuant to the mandatory forum selection clause in the parties' contract. Plaintiffs agree that the case should be a bench trial in state court.  Should the Court find the contractual jurisdiction and jury waiver provisions inapplicable, Plaintiffs hereby request a trial by jury. | Defendant states that this case should be s bench trial. | Jury Trial Commences at 9:00 a.m. on this Monday. This date should be during either the first or third week of the month. |

**Plaintiffs agree to the above proposal subject to and without waiving their Motion to Remand.**

**SIGNED** on_____, 2026.


_____
SUSAN HIGHTOWER
 UNITED STATES MAGISTRATE JUDGE

AGREED:

By:  /s/ Amy Welborn_____          By: _____
Amy Welborn                                                              Attorneys for Defendants
Welborn Law LLC
1100 West Ave.
Austin, Texas 78701
amy@welborn-law.com
Attorneys for Plaintiffs