# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ROSS PONDER and SARAH PONDER, | § | |
| INDIVIDUALLY, and AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | **No. 1:25-cv-02020-ADA-SH** |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC., | § | |
| RONALD GRAE BAKER, and | § | |
| JINNY GONZALEZ, | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT
   UNITED STATES DISTRICT JUDGE

Before the Court are:

- Plaintiffs' Agreed Motion for Leave to File Plaintiffs' Fourth Amended Complaint, filed December 22, 2025 (Dkt. 7), and Defendants' Response in Opposition, filed January 2, 2026 (Dkt. 9);

- Plaintiffs' Amended Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint, filed January 8, 2026 (Dkt. 10), and Defendants' Response in Opposition, filed January 14, 2026 (Dkt. 12);

- Defendants' Motion to Strike Improper Litigation Hold Letter and for Protective Order, filed January 16, 2026 (Dkt. 14), and Motion to Strike Plaintiffs' Jury Demand, filed January 27, 2026 (Dkt. 15), to which Plaintiffs filed no response; and

- Plaintiffs' Motion to Remand (Dkt. 16), filed February 4, 2026, and Defendants' Response in Opposition, filed February 10, 2026 (Dkt. 19).[1]

Plaintiffs did not file a reply brief in support of any of their three pending motions.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

1

## I.    Background

After Plaintiffs Ross and Sarah Ponder's children were expelled from the Austin Montessori School in Austin, Texas, they sued in state court, alleging negligence and negligence *per se*, gross negligence, *respondeat superior*, breach of contract, fraud, fraudulent inducement, civil conspiracy, retaliation, and violations of Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *Ponder v. AMS*, No. D-1-GN-25-002212 (345th Dist. Ct., Travis Cnty., Tex. March 28, 2025); Plaintiffs' Original Petition, Dkt. 1-3 at 76-86.

Defendants removed, invoking this Court's federal question jurisdiction based on Plaintiffs' federal claims under 28 U.S.C. §§ 1441(a) and 1446. *Ponder v. Austin Montessori Sch., Inc.*, No. 1:25-cv-00615-ADA-SH, Dkt. 1. Plaintiffs then filed a First Amended Complaint, deleting all federal claims, and an unopposed motion to remand. *Id.* at Dkt. 23. In their motion to remand, Plaintiffs stated that "Defendants agree to remand the matter to the Travis County District Court." *Id.* at 5. Defendants did not respond. The District Court remanded the case to state court under 28 U.S.C. § 1447. *Id.* at Dkt. 26.

After remand, Plaintiffs filed a "Second Amended Complaint" reinserting the previously deleted Section 504 claim. Dkt. 6 at 525. Plaintiffs represent that the Second Amended Complaint "inadvertently included a 504 claim that was accidentally added attempting to add facts from the former petition. It was a clerical error and was never an attempt to add claims that were dismissed by agreement of the parties." Dkt. 16 at 4. Defendants again removed the case to this Court on the basis of federal question jurisdiction. Dkt. 1. Plaintiffs then filed a Third and Fourth Amended Petition in state court, omitting any references to the federal claim. Dkt. 16-2; Dkt. 16-3.

Plaintiffs now seek leave under Rule 15(a)(2) to file a "Fourth/Fifth"[2] Amended Complaint "to remove a cause of action that was unintentionally added back into the complaint as well as fix some language that the Defendants have requested be removed to make it clear that there are no allegations for 504 or any other federal causes of action." Dkt. 10 at 5. Defendants oppose the motion, arguing that it is futile and was brought in bad faith to avoid federal jurisdiction. Dkt. 12.

Plaintiffs also seek remand to state court based on (1) the proposed amendment, which would destroy federal jurisdiction, and (2) a forum selection clause in the parties' contract. Dkt. 16. Defendants oppose remand, arguing that the motion is premature and improper.

## II.    Motion to Amend

Rule 15(a) permits a party to amend its pleading "once as a matter of course" within certain time periods after service, but afterward "only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). There is a bias in favor of granting leave to amend. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 477 (5th Cir. 2018). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would not survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

---

[2] The "Fourth/Fifth" title reflects that Plaintiffs' motion to file a "Fourth Amended Complaint" in this Court remains pending.

### A.  Bad Faith

Plaintiffs represent that they "accidentally added a cause of action that they had agreed to drop" – the Section 504 claim – and, after discovering the mistake, tried to correct it by filing the Third Amended Petition. Dkt. 10 at 1. Defendants argue that Plaintiffs brought their motion to amend in bad faith to "manipulate the procedural process to avoid federal jurisdiction." Dkt. 12 at 9. They do not dispute that they had agreed to allow Plaintiffs to remove all federal claims and remand to state court. Dkt. 19 at 3.

While the parties trade accusations of bad faith, the Court finds none. Plaintiffs' proposed amendment comprises no new facts, causes of action, or parties. Instead, they purport to amend to correct inadvertent clerical errors. Courts routinely grant leave to correct such errors. *See, e.g.*, *Benavides v. Texas Dep't of Fam. & Protective Servs.*, No. 1:20-CV-1218-RP, 2021 WL 12301171, at *4 (W.D. Tex. July 29, 2021) (granting leave to amend complaint to correct "typographical errors"); *Mendez v. Joeris Gen. Contractors, Ltd.*, No. SA-12-CA-0608-XR, 2013 WL 5441775, at *3 (W.D. Tex. Sept. 27, 2013) (granting leave to amend answer to correct "inadvertent error").

As for Defendants' argument that Plaintiffs seek to avoid federal jurisdiction, amending a complaint to remove a federal claim "is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011). The Court finds that Plaintiffs did not act in bad faith in seeking leave to amend.

### B.  Futility

Defendants next argue that amendment is futile because "all claims asserted in the proposed Fourth/Fifth Amended Complaint remain legally deficient." Dkt. 12 at 11. Defendants specifically address only the retaliation claim in Count 11 of the Proposed "Fourth/Fifth" Amended

Complaint.[3] Plaintiffs assert a Texas common law claim that Defendants "retaliated" against them by expelling the Ponder children from Austin Montessori School after Plaintiffs complained about the school in a letter to all parents and to Texas Health and Human Services. Dkt. 10-3 ¶¶ 167-68. Defendants argue that Plaintiffs do not state a viable retaliation claim because they identify no statutory basis for the claim:

> Retaliation is not a common-law cause of action and exists only when created by statute. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005). Texas law recognizes no parental retaliation or whistleblower claim against a private daycare under these circumstances. The only conceivable sources for such a claim would be federal civil rights statutes, such as Section 504 of the Rehabilitation Act or the ADA.

Dkt. 12 at 11. *Jackson* addressed retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), not whether a retaliation claim exists under Texas common law; it is not persuasive here. Defendants cite no other case law and do not sustain their burden to show that Plaintiffs' retaliation claim, let alone their complaint as a whole, is futile.

## C. Undue Delay and Prejudice

Defendants also argue that amendment would cause undue delay and prejudice, but do not explain how. "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Frantz Design, Inc. v. Diamond Orthotic Lab'y, LLC*, No. 1:19-CV-00970-ADA, 2020 WL 10314642, at *2 (W.D. Tex. May 26, 2020). Because no scheduling order has been entered and the proposed

---

[3] Defendants purport to incorporate by reference their arguments in their motion to dismiss in the previous action in this Court (Dkt. 9-2), response in opposition to Plaintiffs' earlier motion for leave to amend (Dkt. 9), and special exceptions in state court (Dkt. 6 at 427-97). Dkt. 12 at 10-11. The cited documents alone comprise more than 100 pages, far exceeding the 20-page limit of Local Rule CV-7(d)(3). Parties cannot evade the Court's page limits by incorporating matter by reference. *Normore v. Dallas Indep. Sch. Dist.*, 677 F. Supp. 3d 494, 544 (N.D. Tex. 2023). The Court has not considered the extraneous matter.

amendment removes a federal claim the parties agreed to remove, the Court finds that the amendment would cause no undue delay or prejudice to Defendants.

For these reasons, the Court **GRANTS** Plaintiffs' Amended Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint (Dkt. 10).

### III.    Motion to Remand

Plaintiffs move to remand to state court under 28 U.S.C. § 1447(c) because their live amended complaint contains only state law claims. Dkt. 16 at 5.

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a defendant removes an action from state to federal court, the plaintiff may move to remand. 28 U.S.C. § 1447(c). A court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Int'l Primate Protection League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (cleaned up) (quoting 28 U.S.C. § 1447(c)).

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims. That conclusion fits the text of § 1367, governing supplemental jurisdiction. And it accords with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

By deleting all federal claims, Plaintiffs have deprived this Court of federal question jurisdiction and supplemental jurisdiction over the pendent state claims. *Id.* at 44.

### IV.    Order and Recommendation

The Court **DISMISSES AS MOOT** Plaintiff's Agreed Motion for Leave to file Plaintiffs' Fourth Amended Complaint (Dkt. 7), **GRANTS** Plaintiffs' Amended Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint (Dkt. 10), and **ORDERS** the Clerk to file Dkt. 10-3 as the live complaint.

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion to Remand (Dkt. 16) for lack of subject matter jurisdiction.

Lacking subject matter jurisdiction, the Court does not address Defendants' Motions to Strike Improper Litigation Hold Letter and Protective Order (Dkt. 14) and Jury Demand (Dkt. 15).

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 21, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE