**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ROSS PONDER AND SARAH PONDER, | § | |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF H.P., L.P., and R.P., MINORS, | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 1:25-cv-02020-ADA-SH |
| v. | § | |
| | § | |
| AUSTIN MONTESSORI SCHOOL, INC.; | § | |
| RONALD GRAE BAKER, INDIVIDUALLY; | § | |
| and JINNY GONZALEZ, INDIVIDUALLY, | § | |
| *Defendants.* | § | |

**DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE (DKT. 22)**

Defendants Austin Montessori School, Inc. ("AMS"), Ronald Grae Baker, Individually, and Jinny Gonalez, Individually, (collectively "Defendants") file their Objections to the Report and Recommendation of the United States Magistrate Judge (Dkt. 22) in the above-styled and numbered matter as follows:

**I.    INTRODUCTION AND STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(b), a district court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Legal conclusions are reviewed *de novo*. The district court may accept, reject, or modify the recommended disposition in whole or in part. *Id.* Pursuant to Federal Rule of Civil Procedure 72(b), Defendants respectfully object to the Magistrate Judge's Report and Recommendation ("R&R"), which recommends remand based on the conclusion that federal-question jurisdiction was eliminated when Plaintiffs removed explicit references to federal statutes from their amended pleadings. Dkt. 22 at 6.

1

The R&R's conclusion misapplies 28 U.S.C. § 1331 and the governing framework set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005), and *Gunn v. Minton*, 568 U.S. 251, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013). Federal jurisdiction does not turn on pleading labels or the presence of statutory citations; rather, it turns on whether a claim necessarily raises a disputed and substantial federal issue capable of resolution in federal court without disrupting the congressionally approved allocation of judicial responsibilities between state and federal courts. *Gunn*, 568 U.S. at 258. Here, although Plaintiffs have removed express references to federal statutes and now characterize Count 11 as a Texas common-law retaliation claim, the operative allegations and liability continue to rest on disability-based advocacy and alleged retaliatory response in an educational-services context. As a result, resolution of the claim necessarily requires application of federal disability-retaliation standards, placing it within the narrow category of cases in which federal-question jurisdiction exists under § 1331.

## II.    RELEVANT PROCEDURAL BACKGROUND

The R&R notes that, according to Plaintiffs, the Ponder children were expelled from Austin Montessori School, after which Plaintiffs filed suit in state court asserting claims for negligence, negligence per se, gross negligence, respondeat superior, breach of contract, fraud, fraudulent inducement, civil conspiracy, retaliation, and alleged violations of Title III of the ADA and Section 504 of the Rehabilitation Act. Dkt. 22 at 2. Defendants removed the action on the basis of federal-question jurisdiction arising from the ADA and Section 504 claims. *Id*. Plaintiffs subsequently filed a First Amended Complaint omitting all federal claims and moved, without opposition, to remand the case, which the Court granted. *Id*.

Following remand, Plaintiffs filed a "Second Amended Complaint" in State court reasserting direct references to their Section 504 disability retaliation claim. *Id*. Defendants again removed the case based on federal-question jurisdiction. *Id*. Plaintiffs subsequently filed Third and Fourth Amended Petitions in the state court, claiming they "omitt[ed] *any reference* to the federal claim."[1] *Id.* (emphasis added). That characterization is belied by the operative allegations in those Petitions, which expressly assert that "AMS breached its contracts with the Ponders by failing to provide 504 services for H.P.", and with respect to retaliation, that "the actions referred to are the filing of the HHS complaint [and] advocating for disability accommodations," forming the basis of a retaliation claim. P.'s Fourth Am. Pet. ¶¶ 101, 165.

Nonetheless, and assuming the R&R is directed to Plaintiffs' pending motion for leave to file their then-pending Fourth/Fifth Amended Complaint, the R&R concludes that "[b]y deleting all federal claims, Plaintiffs have deprived this Court of federal question jurisdiction and supplemental jurisdiction over the pendent state claims." Dkt. 22 at 6. However, Plaintiffs' retaliation theory cannot be resolved without determining what constitutes protected disability advocacy and retaliatory conduct, questions arising under and defined by federal law. The R&R therefore errs to the extent it treats the removal of statutory citations as dispositive of jurisdiction, rather than evaluating the substance of the claim as pleaded, which continues to invoke, depend, and embed federal standards. Federal jurisdiction is properly maintained.

---

[1] The R&R states that Plaintiffs represented the Second Amended Complaint "inadvertently included a 504 claim that was accidentally added attempting to add facts from the former petition. It was a clerical error and was never an attempt to add claims that were dismissed by agreement of the parties." Dkt. 22 at 2. However, Plaintiffs' subsequent pleadings contradict that representation. In their Third Amended Petition filed in state court on December 10, 2025, Plaintiffs expressly allege that "AMS breached its contracts with the Ponders by failing to provide 504 services for H.P." and that " AMS retaliated for when the Ponders requested ADHD accommodations under 504" and for "filing of a complaint with the HHS " "advocating for disability accommodations." P.'s Third Amend., ¶ 165, 101, 172-173. Plaintiffs' Fourth Amended Petition filed on December 11, 2025 similarly alleges that "AMS breached its contracts with the Ponders by failing to provide 504 services for H.P." and "the actions referred to are the filing of the HHS complaint, advocating for disability accommodations raises a claim for retaliation." P.'s Fourth Amend., ¶ 165, 101.

3

III.    **PLAINTIFFS' RETALIATION CLAIM NECESSARILY RAISES FEDERAL ISSUES UNDER** ***GRABLE*** **AND** ***GUNN***

"[A] a suit arises under the law that creates the cause of action." *Perez on behalf of Est. of Lozano v. Se. SNF LLC*, 533 F. Supp. 3d 430, 435 (W.D. Tex. 2021), aff'd sub nom. *Perez on behalf of Est. of Est. of Lozano v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187 (5th Cir. Mar. 31, 2022) (quoting *Grable & Sons Metal Prods., Inc.*, 545 U.S. 308 (2005)). Federal-question jurisdiction also exists under 28 U.S.C. § 1331 in a "special and small category" of cases in which a state-law claim necessarily raises a federal issue that is actually disputed, substantial, and capable of resolution in federal court without disrupting the congressionally approved federal-state balance. *Gunn*, 568 U.S. at 258. A federal issue is "necessarily raised" where the plaintiff's right to relief requires resolution of a federal question, rather than where federal law is merely incidental or avoidable. *Id.*; *see also Texas Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co.*, 380 F. Supp. 3d 580 (N.D. Tex. 2019). This standard is met as Count 11 cannot be resolved without determining whether Plaintiffs engaged in protected disability-related activity, whether Defendants' conduct constitutes retaliation, and whether causation exists between the two. Those determinations are governed by federal disability-retaliation standards.

Specifically, Plaintiffs allege disability-based advocacy, including requests for accommodations and filing disability-related complaints in the educational context, followed by removal of the Ponder children from school services, and Count 11 is expressly grounded in that conduct. Dkt. 23 ¶ 167 ("Clearly the actions referred to are the filing of the HHS complaint, advocating for disability accommodations… The termination of the remaining Ponder children was retaliation."). Although Plaintiffs have removed express statutory references and now style Count 11 as a Texas common-law retaliation claim, the claim still turns on standards supplied by

4

federal disability law, as Texas does not provide a freestanding, disability-specific retaliation tort standard with independent governing elements on these facts.[2]

The operative standards governing protected activity, adverse action, and causation are drawn from federal disability-retaliation law, including the ADA and Section 504. *See* 42 U.S.C. § 12203; 29 U.S.C. § 794. This is particularly true in the non-employment context, where no distinct Texas framework supplies an alternative rule of decision governing disability-based retaliation in educational services. Properly understood, Count 11 cannot be resolved without determining whether Plaintiffs engaged in protected disability-related activity, whether Defendants' conduct constitutes retaliation, and whether a causal connection exists between the two. Those determinations are governed by federal disability-retaliation standards. The claim, therefore, necessarily raises disputed and substantial federal issues within the meaning of *Gunn*.

Federal-question jurisdiction exists over a state-law claim where a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the congressionally approved balance of federal and state judicial responsibilities. *Gunn*, 568 U.S. at 258. Each requirement is satisfied here. The parties dispute whether Plaintiffs engaged in protected disability advocacy, whether the alleged adverse action constitutes retaliation, and whether a causal connection exists, issues governed by federal disability-retaliation standards. Those issues are substantial because they require interpretation of federally defined

---

[2] Texas law recognizes retaliation claims only in limited contexts not applicable here. *See, e.g.,* TEX. LAB. CODE § 21.055 (prohibiting retaliation under the Texas Commission on Human Rights Act (TCHRA) for opposing discrimination or participating in an investigation); TEX. LAB. CODE § 451.001 (prohibiting retaliation against employees for filing a workers' compensation claim); TEX. GOV'T CODE § 554.002 (Texas Whistleblower Act, prohibiting retaliation against public employees for reporting violations of law); TEX. CIV. PRAC. & REM. CODE § 122.001 (retaliation relating to jury service); TEX. ELEC. CODE § 276.001 et seq. (retaliation in connection with voting and election-related activity). Therefore, adjudication necessarily depends on ADA retaliation standards (42 U.S.C. § 12203) and Section 504 standards. 29 U.S.C. § 794.

disability protections in the educational-services context, including the scope of protected activity and retaliatory conduct under the ADA and Section 504. *See* 42 U.S.C. § 12203; 29 U.S.C. § 794. Exercising jurisdiction does not disrupt the federal-state balance, as Congress has established a federal regulatory scheme governing disability discrimination and retaliation in this context, and Plaintiffs' claim requires application of those established federal standards.

To the extent the R&R treats the removal of statutory citations as dispositive, that analysis elevates form over substance. Jurisdiction turns on the legal theory actually embedded in the pleadings, not labels or omissions. *Gunn*, 568 U.S. at 258; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, notwithstanding the omission of express citations, Plaintiffs' retaliation theory continues to rest on disability-based advocacy and alleged retaliatory response in the educational-services context, conduct governed by federal disability-retaliation standards. Accordingly, even if styled under Texas common law, Count 11 falls within the narrow category of cases in which embedded federal issues support federal-question jurisdiction under *Grable* and *Gunn*.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain these objections, decline to adopt the Report and Recommendation, and hold that federal-question jurisdiction exists under 28 U.S.C. § 1331. Plaintiffs' Count 11 retaliation claim falls within the narrow category of cases recognized in *Grable* and *Gunn* in which embedded federal issues are sufficient to support jurisdiction. Defendants therefore further request that the Court deny Plaintiffs' motion to remand, retain jurisdiction over this action, including supplemental

6

jurisdiction over any remaining state-law claims, and grant such other and further relief to which

Defendants may be justly entitled.

Respectfully submitted

**SCHULMAN, LOPEZ, HOFFER &
ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile:  210-538-5384

By: */s/ Elizabeth Angelone*
ELIZABETH ANGELONE
State Bar No. 24077349
Email: eangelone@slh-law.com
RANDEE HOBBS
State Bar No. 24131772
Email: rhobbs@slh-law.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing the same through the Court's CM/ECF system, which will send notification of such filing to all registered CM/ECF users as follows:

WELBORN LAW LLC
1100 West Ave.
Austin, Texas 78701
Amy C. Welborn
amy@welborn-law.com

*/s/ Elizabeth Angelone*
Attorney for Defendants

7