FILED

May 11, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
                              CC
                        DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ROSS PONDER and SARAH PONDER, INDIVIDUALLY, and AS NEXT FRIEND of H.P., L.P., and R.P., MINORS, | § § § § § | |
| *PLAINTIFFS,* | § § § | |
| V. | § § | NO. 1:25-CV-02020-ADA-SH |
| AUSTIN MONTESSORI SCHOOL, INC., RONALD GRAE BAKER, and JINNY GONZALEZ, | § § § § § § | |
| *DEFENDANTS.* | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Plaintiffs Ross Ponder and Sarah Ponder, individually and as next friends of H.P., L.P., and R.P., minors, respectfully file this Response to Defendants' Objections to the Report and Recommendation and request that the Court overrule Defendants' objections, adopt the Report and Recommendation, grant Plaintiffs' Motion for Leave to File Plaintiffs' Fourth/Fifth Amended Complaint, and remand this case to the 345th Judicial District Court of Travis County, Texas.

**I. INTRODUCTION**

Defendants' objections do not identify any federal claim in Plaintiffs' operative pleading— Plaintiffs' Fourth/Fifth Amended Complaint (Dkt. 23)[1]. Instead, Defendants attempt

---

[1] Plaintiffs further clarify that, upon remand and after satisfying applicable state-law prerequisites, they intend to seek leave in state court to file a substantially revised state-law-only pleading based in part on documents Plaintiffs received after filing their Motion for Leave to File the Fourth/Fifth Amended Complaint. Those documents include internal AMS policy materials

to create jurisdiction by arguing that a state-law claim necessarily depends on federal disability law.

Plaintiffs' amendments have clarified they are not seeking any federal relief under any federal disability protection. Plaintiffs have removed all federal causes of action. The remaining claims arise under Texas law and can be resolved without applying federal statutes. The Magistrate Judge correctly concluded that federal jurisdiction no longer exists.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of a magistrate judge's report and recommendation to which specific written objections are made.

## III. ARGUMENT

### A. Plaintiffs Plead Only State-Law Claims

Plaintiffs are masters of their complaint and may avoid federal jurisdiction by pleading only state-law causes of action. Where a plaintiff has both state and federal theories available, she is entitled to plead only state-law claims and proceed in state court — and a defendant cannot defeat that choice by recharacterizing the pleadings as something they are not.

That principle controls here. Plaintiffs' Fourth/Fifth Amended Complaint (Dkt. 23) asserts no claims under the ADA, Section 504, or any other federal statute. Every cause of action arises

---

released through Texas Public Information Act processes after a February 9, 2026, Texas Attorney General ruling, as well as child-specific records received April 20, 2026. See Exhibits A and B. Those materials inform Plaintiffs' anticipated Texas-law theories, including contract, misrepresentation, Texas consumer-protection claims for which statutory notice has been served, negligence, and retaliation under Texas Human Resources Code § 42.04271. Plaintiffs do not intend to assert claims under the ADA, Section 504, IDEA, or any other federal statute, do not contend that any federal statute supplies an essential element of their remaining or anticipated claims, and do not contend that the anticipated state-law pleading necessarily raises a substantial federal question.

under Texas law — including Texas Human Resources Code § 42.04271, which independently governs the conduct at issue and supplies its own rule of decision. Plaintiffs could have pleaded federal claims. They did not. That choice is theirs to make, and it is dispositive.

Defendants nonetheless attempt to manufacture federal jurisdiction by treating background references to disability advocacy as though they were federal causes of action. They are not. The well-pleaded complaint rule looks to the claims the plaintiff has actually brought, not the claims a defendant believes the plaintiff should have brought. A reference is not a claim, and context is not a cause of action. Defendants cannot create federal jurisdiction by recharacterizing Plaintiffs' allegations as federal claims.

**B. Texas Law Supplies the Rule of Decision**

Defendants' theory fails because Texas law independently governs the alleged conduct. The pleaded facts include retaliation for filing a complaint with Texas Health and Human Services, requesting records and information, and communicating with other parents — conduct squarely regulated by Texas statute.

Austin Montessori School is licensed by the Texas Health and Human Services Commission as a child-care facility (Operation #184979). Texas Human Resources Code § 42.04271 expressly protects parents of children in licensed child-care facilities from retaliation for exercising these rights. That statute applies directly to Defendants' conduct as a licensed child-care provider and supplies the rule of decision.

Defendants rely on a single phrase in the factual background: "advocating for disability accommodations." Plaintiffs acknowledge that phrase appears in the Fourth/Fifth Amended Complaint. But it is descriptive context, not a legal theory or required element of any claim. Plaintiffs do not assert ADA or Section 504 claims and do not need to prove a violation of

federal law to prevail on any remaining claim.[2]    Accordingly, federal law is not necessarily raised.

**C. Federal Law Is Not an Essential Element**

This case can be resolved on state-law grounds, including contract, misrepresentation, and related theories of conduct and causation. No federal standard must be interpreted to decide Plaintiffs' remaining claims. Because federal law is not an essential element, the requirements of the Grable/Gunn embedded federal-question doctrine are not met.

**D. Defendants' Theory Would Improperly Expand Federal Jurisdiction**

Under Defendants' theory, any state-law dispute could be hauled into federal court the moment its facts mention individualized needs, advocacy, or educational services. That is a dramatic and unsupported expansion of federal jurisdiction. The embedded federal-question doctrine is confined to a "special and small category" of cases — it does not reach fact-bound disputes between private parties over purely state-law duties. Federal courts are courts of limited jurisdiction, and any doubt is resolved in favor of remand. Defendants bear the burden of establishing jurisdiction, and they have not come close to meeting it.

**E. The Magistrate Judge Correctly Recommended Remand**

As the Magistrate Judge correctly recognized, once Plaintiffs eliminated all federal claims, federal jurisdiction no longer exists. This conclusion is consistent with the Supreme Court's holding that when a plaintiff removes the federal claims that enabled removal, "the court's power to decide the dispute dissolves." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). Defendants' objections identify no basis to alter that conclusion.

---

[2] Plaintiffs are happy to make a motion for leave to remove the phrase "advocating for disability accommodations" if that is the sole issue.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court overrule Defendants' objections, adopt the Report and Recommendation in full, grant Plaintiffs leave to amend, and remand this case to the 345th Judicial District Court of Travis County, Texas.

Respectfully submitted,

/s/ Ross Ponder
Ross Ponder
Pro Se Plaintiff
1030 Sunflower Trail
Sunset Valley, Texas 78745
Telephone: (512) 461-6888
Email: rossponder@gmail.com

/s/ Sarah Ponder
Sarah Ponder
Pro Se Plaintiff
1030 Sunflower Trail
Sunset Valley, Texas 78745
Telephone: (713) 553-1852
Email: sarahprattponder@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 11, 2026, I submitted the foregoing document for filing through the Court's Electronic Submission for Pro Se Filers portal. I further certify that on May 11, 2026, I served a true and correct copy of the foregoing document, including Exhibits A and B, on counsel of record for Defendants by email at the email addresses below:

Christopher Schulz — cschulz@slh-law.com

Elizabeth Angelone — eangelone@slh-law.com

<u>/s/ Ross Ponder</u>
Ross Ponder

<u>/s/ Sarah Ponder</u>
Sarah Ponder

# EXHIBIT A



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

February 9, 2026

Mr. Craig Purifoy
Open Records Legal Assistant
Texas Health and Human Services Commission
P.O. Box 13247
Austin, Texas 78711-3247

OR2026-004413

Dear Mr. Purifoy:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 25-056918 (HHSC Ref. No. A10302025.0450001).

The Texas Health and Human Services Commission (the "commission") received a request for information pertaining to three specified investigations and the requestor's children.[1] You state you have released some of the requested information. You claim some of the submitted information is excepted from disclosure under section 552.101 of the Government Code. Additionally, you state release of the submitted information may implicate the proprietary interests of Austin Montessori School ("AMS"). Accordingly, you state, and provide documentation showing, you notified AMS of the request for information and of its right to submit arguments to this office as to why the submitted information should not be released. *See* Gov't Code § 552.305(d); *see also* Open Records Decision No. 542 (1990) (statutory predecessor to section 552.305 permits governmental body to rely on interested third party to raise and explain applicability of exception in the Act in certain circumstances). We have received comments from AMS. We have considered the submitted arguments and reviewed the submitted information. We have also received and considered comments from the requestor. *See* Gov't Code § 552.304 (interested party may submit comments stating why information should or should not be released).

---

[1] You state the commission sought and received clarification of the information requested. *See* Gov't Code § 552.222(b) (providing if request for information is unclear, governmental body may ask requestor to clarify request); *see also City of Dallas v. Abbott*, 304 S.W.3d 380, 387 (Tex. 2010) (holding that when a governmental entity, acting in good faith, requests clarification or narrowing of an unclear or overbroad request for information, ten-day period to request an attorney general ruling is measured from the date the request is clarified or narrowed).

Mr. Craig Purifoy - Page 2

Initially, we note the United States Department of Education Family Policy Compliance Office has informed this office the Family Educational Rights and Privacy Act ("FERPA"), section 1232g of title 20 of the United States Code, does not permit state and local educational authorities to disclose to this office, without parental or an adult student's consent, unredacted, personally identifiable information contained in education records for the purpose of our review in the open records ruling process under the Act.[2]  Consequently, state and local educational authorities that receive a request for education records from a member of the public under the Act must not submit education records to this office in unredacted form, that is, in a form in which "personally identifiable information" is disclosed.  *See* 34 C.F.R. § 99.3 (defining "personally identifiable information").  AMS asserts FERPA applies to portions of the submitted documents.  Because our office is prohibited from reviewing these records to determine whether appropriate redactions under FERPA have been made, we will not address the applicability of FERPA to any of the submitted records.  *See* 20 U.S.C. § 1232g(a)(1)(A).  Such determinations under FERPA must be made by the district.  Likewise, we do not address AMS's arguments under section 552.114 of the Government Code.  *See* Gov't Code §§ 552.026 (incorporating FERPA into the Act), 552.114 (excepting from disclosure "student records"); Open Records Decision No. 539 (1990) (determining the same analysis applies under section 552.114 of the Government Code and FERPA).  However, we will consider the remaining arguments against disclosure of the submitted information.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision."  Gov't Code § 552.101.  This exception encompasses information that other statutes make confidential.  Section 40.005 of the Human Resources Code authorizes the commission to adopt rules for the purpose of preserving the confidentiality of information and provides in part:

> (a) The department shall establish and enforce rules governing the custody, use, and preservation of the department's records, papers, files, and communications.

> (b) The department shall prescribe safeguards to govern the use or disclosure of information relating to a recipient of a department service or to an investigation the department conducts in performing its duties and responsibilities.  The safeguards must be consistent with the purposes of the department's programs and must comply with applicable state and federal law and department rules.

Hum. Res. Code § 40.005(a)-(b).  Rules governing the confidentiality of commission investigation and facility monitoring records are found at chapter 745 of title 26 of the

---

[2]A copy of this letter may be found on the Office of the Attorney General's website at https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/open-government/20060725-USDOE-FERPA.pdf.

Mr. Craig Purifoy - Page 3

Texas Administrative Code.   In accordance with section 40.005, the commission promulgated section 745.8483 of title 26 of the Texas Administrative Code to make confidential certain records of child care facility license inspections and investigations. You state the information at issue consists of investigations of a licensed child care facility, so as to be subject to section 745.8483.  Upon our review of the information at issue, we note the investigations did not involve abuse or neglect of a child.  *See* 26 T.A.C. § 745.8493 (addressing confidentiality of investigations of child abuse, neglect, or exploitation by Texas Department of Family and Protective Services).

However, section 745.8483 provides, in relevant part, the following:

> [T]he following lists the portions of a child care record that are confidential and will not be released to the public in any manner, unless noted as an exception in [section] 745.8487 of this division . . . :
>
> . . .
>
> (8) Any photograph, audio or visual recording, or documentation of a child[.]

*Id*. § 745.8483 (8).  We understand the investigations are complete.  Accordingly, pursuant to section 745.8483, the information at issue is generally available to the public.  *See id*. § 745.8483(1) (information concerning an open investigation is confidential).  We note the requestor does not fall within any of the categories of individuals or entities who may obtain the confidential portions of the information under section 745.8489.  *Id.* § 745.8489.  Upon review, we find the information you marked consists of the documentation of children that is protected by section 745.8483(8).  Accordingly, the commission must withhold the information you marked under section 552.101 in conjunction with section 745.8483(2).

AMS raises section 552.103 of the Government Code for its information at issue.  Because section 552.103 protects only the interests of a governmental body, as distinguished from exceptions intended to protect the interests of third parties, we do not address AMS's arguments under section 552.103.  *See* Open Records Decision Nos. 638 at 2 (1996) (section 552.103 only protects the litigation interests of the governmental body claiming the exception), 542 (statutory predecessor to section 552.103 does not implicate rights of third party).  Therefore, the commission may not withhold any portion of the information at issue under section 552.103 of the Government Code.

Section 552.1101 of the Government Code provides, in relevant part:

> (a) . . . [I]nformation submitted to a governmental body by a vendor, contractor, potential vendor, or potential contractor in response to a request for a bid, proposal, or qualification is excepted from the requirements of Section 552.021 if the vendor, contractor, potential vendor, or potential contractor that the information relates to demonstrates based on specific factual evidence that disclosure of the information would:

Mr. Craig Purifoy - Page 4

(1) reveal an individual approach to:

(A) work;

(B) organizational structure;

(C) staffing;

(D) internal operations;

(E) processes; or

(F) discounts, pricing methodology, pricing per kilowatt hour, cost data, or other pricing information that will be used in future solicitation or bid documents; and

(2) give advantage to a competitor.

Gov't Code § 552.1101(a).  Upon review, we find AMS has failed to provide the specific factual evidence necessary to withhold any of the remaining information at issue under section 552.1101(a), and the commission may not withhold it on that basis.

In summary, the commission must withhold the information you marked under section 552.101 of the Government Code in conjunction with section 745.8483(2) of title 26 of the Texas Administrative Code.  The commission must release the remaining information.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor.  For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open Government Hotline, toll free, at (877) 673-6839.  Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

Nick Ybarra
Assistant Attorney General
Open Records Division

NY/tb

Mr. Craig Purifoy - Page 5

Ref:     ID# 25-056918

c:       Requestor

         Third Party

# EXHIBIT B



April 20, 2026

Ross and Sarah Ponder


**Re: Records Request for H.P., L.P., and R.P.**

Dear Mr. and Mrs. Ponder:

Austin Montessori School, Inc. ("AMS") is responding to your records request received on March 6, 2026, regarding your children, H.P., L.P., and R.P., who were enrolled at AMS from August 2023 through January 2025. AMS provides this response in accordance with applicable Texas law, including the Texas Health and Safety Code, HHS Child-Care Regulations, and the Texas Business Organizations Code, as applicable. AMS notes that much of the information has already been provided to you in response to your request dated January 25, 2025, and through your open records request to the HHS dated October 27, 2025. AMS has listed the documents that you have already been provided in the list below:

- Medication observation forms
- Parent meeting notes
- iHope support communications and plans
- Lesson Records
- 2023-2024 School Enrollment Agreements for H.P. & L.P.
- 2024-2025 School Enrollment Agreements for H.P., L.P. & R.P.
- AMS Program Parent Handbooks and Family Handbooks for 2023-2026
- Early Childhood and Commons Operational Policies 2024
- AMS School Operations Guide
- AMS Employment Policy Handbook
- HHS Child-Care Inspections and Investigation Reports– Investigation #s: 3184085, 3184692, and 3140684.

AMS is providing access to records in the following categories, limited to documents created or maintained during your children's enrollment period (through January 2025):

**A.    Attendance and Classroom Records**

- Complete attendance records for H.P., L.P., and R.P.
- Records of early pickups for H.P.

**B.    Incident, Behavior, and Assessment Records**

- All incident and illness reports directly concerning the children are provided.

- Internal observation notes, nap logs, behavior logs, or assessments (including Dibels or similar academic or developmental assessments) for H.P., L.P., and R.P. are provided. Notes or documentation concerning unrelated children or staff are not produced.

**C.    Internal Communications and Policies**

- Non-privileged internal communications, meeting notes, memoranda, or summaries concerning the children are provided. Attorney-client privileged communications or HR-confidential records are not produced.
- AMS's full employee/staff handbooks for 2023–2025 have already been provided to you through your HHS TPIA request.
- Current and former AMS policies regarding discipline, suspension, and expulsion (2023–2025) have already been provided to you through the HHS request. Please note that AMS does **not agree with the characterization that L.P. and R.P. were expelled**.

**D.    Staff Employment and Training Records**

- Employment start and end dates are provided only for staff who supervised or materially observed the children. Personal identifiers for unrelated staff are withheld.
- Background checks documentation is maintained for staff who directly cared for the children. AMS confirms compliance with required HHS background check rules.
- Summaries of staff training only for personnel who directly cared for or supervised H.P., L.P., and R.P., reflecting all training required for their roles and relevant to the children's care. Full documentation of mandatory certifications (e.g., CPR, First Aid) is available for inspection.
- Relevant publications or educational materials used in training staff for children's care, if applicable, are provided.

**E.    HHS Compliance and Inspections**

- Copies of all HHS inspection reports for AMS facilities during the enrollment period have already been provided to you through your HHS TPIA request. Inspection reports are also publicly available at: https://childcare.hhs.texas.gov/Public/ChildCareSearch?utm_source=ccsearch-domain&utm_medium=vanity-url&utm_campaign=website
- You have already received non-privileged correspondence with HHS affecting the children; attorney-client or unrelated communications are not produced.

**F.    Financial and Corporate Records**

- AMS audited financial statements for fiscal years 2023–2025, incorporation documents, and bylaws are provided where necessary or are publicly available:

- o    Financial statements: AMS Financials
- o    Incorporation and bylaws: Texas Secretary of State
- Liability insurance policies, applications/awards for government funding, and other financial records beyond statutory requirements or unrelated to the children are not provided.

## G.    Other Materials

- Non-privileged communications regarding the children or their care, excluding attorney-client communications, are provided.

AMS reserves the right to withhold or redact any documents that are privileged, confidential, or unrelated to your children's care, as allowed under Texas law.

Sincerely,

Ronald G Baker
Head of School
Austin Montessori School, Inc.